The counter affidavits of Mr. Meares and Mr. Davis stated that the practice of the county court was to give a preference to motions on the first and second days; but, if no motions were made, to proceed peremptorily on the docket, unless postponed by consent of the bar. After those days jury causes have a preference, although motions are still made through the term when no cause is on trial; that judgments were taken on the first day of the term immediately preceding that, when the (174) judgment complained of was taken; and that a motion was made shortly after the last judgment was entered.
The cause came on upon these affidavits before the Superior Court of New Hanover, when the judge ordered the certiorari to be dismissed, from which decision an appeal was taken to this Court.
Together with these affidavits, two others were transmitted to the Supreme Court which, by an endorsement of the clerk of New Hanover Superior Court, appear to have been filed in his office posterior to the term of that court. The affidavit of McMillan states his information and belief that the note was transferred to his agent for a good and valuable consideration, and that Smith, after the judgment recovered in the county court, *Page 137 
promised to pay the money if indulgence were granted him, and it was the refusal of this which prompted him to apply for a certiorari.
The affidavit of McPherson states that Smith told him, after the judgment, that the debt was just; that he only wanted time to pay the money, and that he intimated no design to apply for a certiorari until indulgence had been refused by McMillan.
In deciding on the propriety of retaining or dismissing the writs ofcertiorari obtained by the defendant Smith, a majority of the Court exclude from the consideration the affidavits of the plaintiff and his agent, which appear to have been improperly filed and sent up with the papers in this cause, inasmuch as they have been made and sworn to since the cases were transferred to this Court by appeal; and regard only the affidavits which were read in the court below.
Whenever a party applies for an extraordinary remedy to have his cause reexamined in a superior tribunal, he ought to show some satisfactory reason why he was unable to avail himself of the ordinary remedy by appeal from the judgment of the inferior jurisdiction.
The judgments complained of by the defendant were taken, according to his own statement, on the first day of the county court. He made no attempt to appeal, nor does he pretend to account for his not having done so. Consequently, the writs of certiorari must be dismissed, with costs.
Judgment for plaintiff.