Assumpsit brought by the plaintiff as administrator of William Hutcheson for $320, the price of articles purchased as was alleged by the defendant, at the sale of the estate of William Hutcheson. The defendant relied on the plea of infancy to which there was a replication promise after coming to full age. Plaintiff, in support of his replication, introduced as a witness the former guardian of the defendant, who swore that five or six years after defendant arrived at full age the plaintiff and defendant met at his house, with several others interested in the estate, for the purpose of making a final settlement of their respective claims. The witness stated the account between plaintiff and defendant, as he understood it from both parties, and it appeared that there was a balance due plaintiff of $244. Defendant at the time insisted he was entitled to a further credit by virtue of a bequest in his father's will. Some of the property, which defendant had purchased at the sale, he had retained ever since in his possession. There was no proof of any express promise to pay by defendant after he arrived at full age and he never took any steps, after coming of age, to (536) impeach or make void the contract of sale.
On these facts, Paxton, J., who presided, instructed the jury that if they were satisfied from the conduct of the defendant after he came of age that he had confirmed the original contract they ought to find for the plaintiff, and that it was not absolutely necessary to prove *Page 299 
an express promise to entitle him to recover. A verdict was returned for plaintiff. New trial refused, judgment and appeal.
An examination of the authorities applicable to this question leads irresistibly to the conclusion that the law is in favor of the defendant, and that the jury ought to have received an instruction that nothing short of an express promise to pay, made by the defendant after he had attained his age of discretion, would be sufficient to render him liable in this action. Such a promise must likewise be voluntary and given with a full knowledge that the party making it stood discharged by law. The form of pleading in such a case shows the light in which the law regards it, for the words of a replication to a plea of infancy are, "that after he hadattained the age of 21 years, he assented to and ratified and confirmed thesaid promise," thereby putting in issue whether a distinct, deliberate, and unequivocal promise were made.
The case cited from Espinasse, which is precisely in point, draws a strong and rational distinction between the acknowledgment necessary to take a case out of the statute of limitations, and such a one as is sufficient to repel the plea of infancy, and I have not been able to find any case that in the least (537) degree conflicts with that decision. It is too late now, after so many decisions running in the same channel, to question that a very slight acknowledgment will take a case out of the statute of limitations, though it was formerly held that a promise to pay was necessary. And this departure from the letter of the statute has been more than once a subject of regret with able lawyers. 2 Saund., 64; 4 East, 599.
The distinction established between such an act as shall deprive the defendant of the benefit of the statute of limitations, and such a one as shall destroy the defense of infancy, is founded in good sense and ought to be maintained. In the first case there was a legal obligation to pay, arising from the original assumpsit, against which obligation the length of time operates as a bar; and a mere admission that the debt is not paid shows that the presumption on which the statute is founded fails in its application to the case.
But in the case of an infant the law regards him as positively incapable of contracting a legal obligation except for necessaries, and therefore aims to prevent his being imposed upon by persons of more experience. Whether an infant be under a moral obligation to pay a debt must depend on the circumstances under which the contract was *Page 300 
made; and, if it can be clearly collected from them that advantage has been taken of his inexperience for the purpose of imposing on him, he may very justly shelter himself under his privilege. But, supposing the contract to have been equitable, and a moral obligation thus created, the mere acknowledgment of it can have no legal effect; for such an obligation can, at the utmost, only amount to a consideration for an actual promise. Therefore I have no hesitation in saying that a new trial ought to be awarded.