His Honor, Judge Paxton, charged the jury that, as a general rule, the plaintiff was bound to prove an express promise, to entitle him to recover; but, from the opinion of one of the judges of the Supreme Court in this case, if they (14) believed the witness, they ought to give the plaintiff a verdict.
The jury returned a verdict for the plaintiff. A motion was made for a new trial for misdirection, which was overruled, and judgment rendered upon the verdict. Whereupon the defendant appealed. The case has before been reported, 9 N.C. 535.
It should, I think, have been left to the jury to determine whether they could infer, from the defendant's behavior, a clear and unequivocal assent to and ratification of the contract. Any act or conduct on his part denoting a full assent of the mind and leaving nothing to doubt or conjecture, without the utterance of any words, would be sufficient to warrant such an inference; otherwise, a man without the faculty of speech would be incapable of ratifying a contract.
In this case the inference was drawn by the court that if the evidence was believed by the jury the plaintiff was entitled to a verdict; whereas the intent of the defendant entered into the very essence of his conduct, and could alone give it any effective meaning, and this was a matter of fact to be judged of by the jury. There must be a new trial.