RuKKiN, Judge.
 

 I think the motion to dismiss the
 
 cer-tiorari
 
 must be overruled. It is true, that writ is an extraordinary remedy, ami is grantable, in my opinion, in the discretion of the court. It is not a matter-of-right? as an appeal or a writ of error is. But in- allowing-it as a substitute for an appeal, the courts have always-exercised tlieir discretion very liberally. And in cases; where the party has lost his appeal, by the neglect of an officer of the law, the contrivance of the opposite party, or the improper conduct of the inferior court the cause will be examined upon
 
 certiorari
 
 without reference to the merits. This is upon the ground, that the party has been deprived of a right — to appeal — without his. fault.
 
 (Cham-
 
 
 *226
 

 hers
 
 v.
 
 Smith,
 
 1
 
 Hay.
 
 366). Whore indeed lie loses his appeal by his own neglect or that of his agent, as if he docs not pray an appeal when he could, and had reasonable time, nor bring up his appeal after obtaining it, he is not helped ; because he had an obvious and regular re-, which it was his own folly to. abandon.
 
 (McMillan
 
 v.
 
 Smith,
 
 2
 
 Law Rep. 75. Davis
 
 v.
 
 Marshall,
 
 2
 
 Hawks Stote
 
 v.
 
 Williams,
 
 2
 
 Hawks
 
 100). The presentís not like either of the foregoing cases — for there were no omissions nor surprize by the party or the court.
 

 If an appeal neglect 'of the applicant or of not be granted.
 

 It is otherwise where it is lost tal tnabihty^of the applicant to fheappeSty °l
 

 Bpt in such case it is not granted, when applied for mere ly to delay the other party,or to avoid a decision on the merits.
 

 And the applicant will also be laid under terms not to avail himself of a technical advantage, arising fróm a mere informality
 

 But there is another class of cases within which it does fall; that of accidental inability to give security for the aPPeal J which is the party’s misfortune, and not his fault. It is admitted, that ho intended to appeal, and prayed for it: for the point reserved was drawn out by the court, and the plaintiff’s exception to the opinion given on it. The defendant states, that this was on Friday morning ; and that the court was kept open for the purpose of allowing the appeal, until the term expired on Saturday night. This was all the court could do. But the plaintiff swears, that ho came to court on Saturday morning, and then first heard of the decision : that he prayed an appeal, the judge stated the case, and that he made every effort to procure sureties, but could not. This the defendant does not profess to deny in his affidavit. In such a case, it has always been the course to grant a
 
 certiorari,
 
 where it was not, apparently, merely for delay, or for the vexatious purpose of avoiding a decision made on the merits. If the case is a fair one for-discussion, a rehearing ought not to be precluded by an. inability to give security at the moment. I do not suppose indeed, that it would be granted, if it appeared that it would or might be used unfairly, without laying the party under terms not so to use it, or to take advantage of a mere slip or informality, without regard to the merits. This would be an abuse of a discretionary writ, by one who has been deprived by another of no right, but who gets it by asking it as a favor. The case before us furnishes an example, illustrative of my meaning. The record, which the plaintiff exhibited with his petition,
 
 *227
 
 contains a verdict in favor of the plaintiff, subject to the opinion of the court on a point reserved ; hut did not state the point, nor the facts on which it arose ; and on this, a judgment for the defendant. Now this was a plain error, for which there would necessarily be a reversal. In such a case, I should think it proper to lay the party under a rule to amend the verdict, by inserting the case then stated, or now to be stated by the judge. In this case, the parties have rendered this unnecessary, by inserting the matter reserved by consent, in the record returned Avith the
 
 certiorari
 
 by the clerk of the Superior Court. • Upon the inspection of the record, it appears that the cause was brought here not to stifle the merits; not to delay a final decision vexatiously ; not entirely Avithout merits ; but upon an exception to the opinion of the court upon the validity of the plaintiff’s title to the land alleged to bo damaged. The point is one which enters into the
 
 gist
 
 of the dispute
 
 ;
 
 and the exception is a fair one to an opinion of very general consequence, and to say the least of it, the correctness of Avhich is A'cry doubtful.
 

 Writs of
 
 certiorari
 
 have often been granted upon the circuit, on the ground of real inability to obtain an appeal.
 
 Estes
 
 v. Hairston,
 
 (ante
 
 1
 
 vol.
 
 354) is an instance in this court. I take it for granted, AAdicn the party SAvears to his inability, and that it is not contested in tlje opposing affidavits, it is true. For there is in general no inducement to refrain from appealing, after excepting and praying it, but inability ; because security must be given before he can have a
 
 certiorari;
 
 and because it is not so advantageous as an appeal, upon which he can be laid under no terms.
 

 I think therefore the cause must be put on the docket, to be decided on the matter of the exception.
 

 Per Curiam. — Mottow qverruued.