Ruffin, C. J.
 

 As was mentioned in
 
 Leatherwood
 
 v.
 
 Moody,
 
 3 Ired. 129, and
 
 Brooks v. Morgan,
 
 5 Ired. 481, writs of
 
 certiorari
 
 and
 
 recordari
 
 are most commonly used in this State, as substitutes for appeals, so as thereby to obtain a trial
 
 de novo
 
 upon the merits, which might be had upon an appeel. That is so much the more common
 

 
 *133
 
 purpose to which those writs are applied, that it would •seem as it began to be thought, that such was their only purpose in our law. But in truth, that application of the writ has grown up in recent times, out of the provision with us for re-trials of the facts. When asked for to that end, as it is a favour, in the nature of an extension of the power of appeal, it must be applied for speedily, and any delay, after the earliest period in the party’s power to apply, must be accounted for. But when the
 
 recordari
 
 is used as the foundation for reviewing summary convictions or other proceedings before inferior tribunals in a case of false judgment, it is in the nature of a writ of •error and in fact always lies as a matter of right.
 
 2 chitty’s Gl. Ps. 219.
 
 Mr. Ciiittv, in that part of his work, explains very fully the mode of proceeding on it, whether to reverse the judgment for matter already apparent in the proceedings, or for errors cf the magistrate upon questions of evidence received or rejected, or other like matter ; and there seem to be many regulations, by acts of parliament, on the subject. When, however, it is, as in this case, brought for the sole purpose of reversal for error in the plaint as recorded — for no other is suggested in the affidavit — and that too, in a case in which no appeal is allowed by law, or, if allowed, there can be no retrial on it; there can be no mistake as to its character. It can be regarded in no other light, but as a writ of false judgment; and the plaintiff has a right to assign substantial errors and have the judgment of the Court upon the matter of law. It was for that reason, that the writ was sustained in
 
 Parker
 
 v.
 
 Gilreath,
 
 6 Ire. 221; for Parker, as a garnishee, could have no trial
 
 de novo
 
 in the Superior Court, as his liability depended on the garnishment already given before the Justice of the Peace; yet he was entitled to the judgment of a Superior Court whether in law ho was chargeable on that garnishment. It was erroneous, therefore, to dismiss this
 
 *134
 
 writ, as having been improvidently issued after
 
 laches
 
 in the .plaintiff. Then, as to the other reason, namely, that the plaintiff took no traverse before the Justice ; it plainly proceeds upon a mistaken view of the writ. For that circumstance, if there had been opportunity to take a traverse and an omission, would not preclude the plaintiffs'from assigning other errors, patent on the record of the conviction. The Court ought therefore,
 
 to
 
 have required the plaintiffs to assign their errors, and upon their, refusal to do so, according to the course of the Court, then the writ might have been dismissed for the want of an assignment. But by this reason, the Court would determine, that the plaintiffs should not assign any errors, though apparent in the plaint, because they had omitted to take a particular defence at a certain juncture. The truth is, however, that there was no finding of any forcible entry or detainer, which the plaintiffs could have traversed.
 

 The jury merely found that “Durham holds possession;” and they did not find that either of the plaintiffs had entered forcibly or held forcibly. Indeed, they could not have so found, according to Durham’s own affidavit; for he states that they were never actually in possession, but that he resorted to this proceeding to prevent them from getting the possession. The whole proceeding was so improper in itself and so informally conducted, that it is obvious upon its face, there ought to have been no judgment against the present plaintiffs for the costs. However, that matter is not before us now, but will arise when errors shall have been assigned and the record of the plaint looked into, with the view to reverse or affirm the judgment. At present we are restricted to the point, whether the writ should have been quashed without allowing the plaintiffs even to assign errors, much less to obtain a judgment of the Court upon them. We think, the order was erroneous ; and it must be reversed, and
 
 *135
 
 the cause remitted to the Court below, for further proceedings thereon according to law.
 

 Per Curiam. Ordered accordingly.