*260
 
 Daniel, J.
 

 All deeds for infants, which are merely voidable, may be affirmed at full age.
 
 MacPherson on Infancy
 
 487. An infant may purchase land and the vendor or donor is bound by his own act or deed.
 
 Ib.
 
 455. All contracts may be confirmed or adopted by an infant, after he arrives at full age.
 
 Ib.
 
 487. The defendant’s intestate entered into the land, and continued the possession, after he arrived at full age. And he then promised to pay the note, which was given by him as the consideration for the land; this promise confirmed the contract on bis part, and repelled the plea of infancy.
 

 Secondly. The plaintiff being .informed, before the completion of the contract, that the vendor intended the place as a residence for his
 
 kept
 
 mistress, does not
 
 destroy
 
 the contract. The way the vendor in fee intended to use his property, after he became the owner of it, would not prevent his paying the purchase money to the vendor, who had no control over the subsequent use of the land. The case cited by the defendant’s counsel was not like this case ; there, the lessor stipulated in the lease of his rooms, that the lessee might use them as a brothel. The Court held, that he could not recover the rent; because such a contract was against good morals, and void, as being against public policy. But here, the vendor enters into no stipulation, how the land is to be used; and he retained no reversionary interest in the land, as the lessor did in the case cited.
 

 Thirdly. The title deeds were expressly agreed not to be given by the plaintiff, until the purchase money was paid. The law did not annex any condition precedent, that the title should be made, before suit could be commenced on the note, which is 'an independent security for the purchase money. The judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.