Nash, C. J.
 

 In the order made at Spring Term, 1853, of Perquimons Superior Court, directing this case to be placed on the trial docket, there is error. In the petition, it is stated that the petitioner took out the warrant and placed it in the hands of the constable. He admits he was notified by the officer of the first appointment for the trial of the cause, when he failed to attend in consequence of being
 
 “ too
 
 unwell.” Upon the back of the warrant are three several continuances. Of the first, when
 
 *300
 
 the warrant was returned, he had notice
 
 ;
 
 of the others he had none,- and was not present at the time the judgment was obtained. The first day appointed for the trial was the 22nd February, 1851, and after several continuances, judgment was rendered the 28th of March succeeding. Of all these continuances the petitioner says he was ignorant. By the law, whenever an individual has claims upon others to collect, if within the jurisdiction of a magistrate, he may constitute the constable, into whose hands he puts them, his agent to collect. It. then becomes the duty of the constable to discharge all the duties of an agent, and he and his sureties are bound for any negligence or unfaithfulness, in the management of the business,' and by his acts the plaintiff is bound. If however, the plaintiff does not choose to appoint the officer his agent, he must attend to the business himself, ór have some one to represent him.
 

 In the management of this business, there has been gross negligence in the constable, if ■ he was the agent, in not informing his principal of the obtaining of the judgment in time for an appeal ; or, if he was not the agent, then in the plaintiff in not informing himself of the time of trial of the warrant. In either case, the plaintiff has lost his right to the aid of a writ of
 
 recordari. Vigilantibus non dorimentibus servit lex.
 
 The case of
 
 Baker
 
 v.
 
 Halstead, ante
 
 41, is decisive of this. The judgment below is reversed and the petition dismissed.
 

 PeR Curiam. Judgment reversed.