Nash, C. J.
 

 The case comes before us under the plea of infancy: the action is to recover from the defendant a sum of money alleged to be due to the plaintiff’s testator by bond; the defendant relied on the plea of infancy, which -was established, and the plaintiff on a promise to pay the debt by the defendant made after arriving at full age. To support his
 
 *382
 
 replication, the plaintiff gave in evidence a letter written by the defendant after his arriving at the age of twenty-one years. This letter does not sustain the replication. The distinction between an acknowledgment which would take a case out of the operation of the Statute of limitations, and one which would repel the plea of infancy, was established at an early period. While in the books it was held that the slightest acknowledgment was sufficient for the former purpose, nothing but an
 
 express
 
 promise, made after reaching maturity, would deprive au infant of the protection thrown around him by the law. 2 Esp. Rep. 628:
 
 Alexander
 
 v. Hutchison, 2 Hawks 535. This distinction is founded in good sense: for although there is, under recent decisions of our Courts, less difference between the' promise, or acknowledgment, necessary to take a'case out of the operation of the Statute, and one needed to repel the plea of infancy ; in other words, though the former has gradually approximated the latter, there has been, from the earliest decision, no change in the promise of the latter to have the effect of depriving him of the plea of infancy. The promise must be express, voluntary, and with a full, knowledge that the party making it is not bound by law to pay the original; obligation. Chief-JusticeTatloe in Hutchison’s case observes/ “ whether an infant be under a moral obligation to pay a debt, must depend on the circumstances under which the contract was made ; and if it can be clearly collected from them, that advantage has been taken of his inexperience, for the purpose of imposing on him, he may very justly shelter himself under his privilege.” ‘ But be the moral obligation what it may, the nature of the promise, to bind him, is the same. The defendant in writing the letter relied on by the plaintiff, seems to have been fully apprised of the position he occupied; he had the whip-hand, and does not appear to have been willing to surrender it: he nowhere in his letter promises to pay the note now sued: on the contrary, his words are, after offering to the plaintiff that he should take back the negroes, for the purchase of whom the note, or bond, was given, upon receiving from him $200, he says “ if they will not accept of the proposition I
 
 *383
 
 will have to pay for them
 
 1 suppose,
 
 but I shall clo so at my convenience, as it will be nothing less than a free gift on my part, the negroes being entirely -valueless.” Now this, so far from being, on the part of the defendant, an express promise to pay the bond or note, is simply an acknowledgment that he made the purchase and gave the note or bond, coupled with a declaration that if he does pay it, it will be a gift of so much money, to be given by him when he chooses. This letter, under the modern decisions of our Courts, would-scarcely be considered sufficient to take a simple contract debt out of the operation of tire Statute of limitations, certainly not, in an action upon a speciality debt, where the action is on a new promise.
 

 Per Curiam. Judgment affirmed.