**J. W. WADSWORTH and another** *v.* **M. L. DAVIS, Adm'r. of JAMES H. DAVIS.**

The jurisdiction of creditors' bills under the Code of Civil Procedue, is vested in the Superior Courts,—not in the Judge of Probate.

The act of 1866-'67, ch. 79, s. 5, allowing executors, &c., to make preference among debts of equal dignity even after suit brought, does not interfere with the operation of creditors' bills.

It is competent for a creditor in such a bill to ask, amongst other things, that the administrator be directed to sell the land of the deceased, for the purpose of paying debts, and in such case he must make all the heirs. parties to his proceedings.

It is not competent for a Court under a creditor's bill to enjoin the administrator from paying debts, before a decree therein for an account.

Causes under the Code cannot be "set for hearing and transferred" to this Court; they can come up only by appeal.

(*Allison* v. *Davidson*, 1 D. & B. Eq. 46; *Simmons* v. *Whitaker*, 2 Ire. Eq. 129 *Masters* v. *Harding*, 3 Ire. Eq. 603, Anon. 1 Hay. 295; *Hall* v. *Gully*, 4 Ire. 345, cited and approved.)

CREDITOR'S BILL, filed and injunction, obtained November, 3, 1868, in the Superior Court of MECKLENBURG.

At Fall Term, the defendant demurred, and the cause was "transferred to the Supreme Court by consent."

The bill was filed by the plaintiffs on behalf of all the creditors who would come in and contribute, &c., and set forth the death of the intestate, insolvent and greatly indebted, amongst others, to the complainants, in debts particularly described; that the intestate died, possessed of personal property and a large real estate, which had come into the hands of the defendant as his administrator, or as one of his heirs at law; that the defendant was misapplying the assets. The prayer was

for an account, in order that the creditors might be paid *pro rata*, for an injunction against any further payment of debts, and for further relief.

*Wilson*, for the plaintiffs.

*Dowd, contra.*

RODMAN, J. There have been in this State too many instances of what are called "creditors' bills" to permit any doubt of the jurisdiction of a Court of Equity to entertain them. *Allison* v. *Davidson*, 1 D. & B., Eq. 46; *Simmons* v. *Whitaker*, 2 Ire. Eq. 129; *Masters* v. *Harding*, 3 Ire. Eq. 303.

It is contended however, that this jurisdiction is taken away by the Constitution, and Code of Civil Procedure, and is given to the clerk of the Superior Court, under Sec. 418, C. C. P., which authorizes the clerk to " audit the accounts of executors, administrators and guardians." This cannot be so. It was not the intention of the Code, to take away from the Superior Courts, any jurisdiction heretofore exercised by Courts of Equity. It simply changed the mode of proceeding. A creditor's bill demands more than the auditing of the executor's account; under it the Court will proceed to decree the distribution of the fund, which the clerk is incompetent to do in such a case.

It is further contended that the right of the Superior Court to control the distribution of the assets among the creditors, according to its practice in cases of this sort, is taken away by the Act of 1866–'67, ch. 79, s. 5, p. 80. It becomes necessary therefore, to examine that section. It gives to executors the right to prefer among debts of equal dignity, although the preferred creditor has not commenced suit; and payments made by an executor, shall have the like force as if made upon a judgment confessed. By the common law, the executor had a right to prefer among debts of equal dignity, but not voluntarily against a creditor who had brought suit. Anon. 1 Hay. 294 (34); *Hall* v *Gully*, 4 Ire. 345. And many creditors were induced to bring suit for the purpose of depriving the executor

WADSWORTH *et. al. v.* DAVIS ADM'R.

of this power. The statute continues this power after suit brought. Its policy was to discharge a multiplicity of suits,. and a costly scramble among creditors; and also to prevent the executors from being injured by unwary pleading, which might easily happen under the former law; and to facilitate their settlements. There is nothing in that policy to contravene the jurisdiction in question; and we do not think they intended to impair it.

The present action is more than a creditor's bill; it demands that the defendant may be compelled to sell the lands of his testator, and to apply the proceeds to the payment of his testa-- tor's debts (the personal estate being exhausted,) and that the rents and profits received from the lands by the heirs of the testator since his death, may be applied in like manner. In reply to this demand it is said, that the Court will not order a. sale of the lands except on the application of the executor himself, as prescribed in Revised Code, ch. 46, s. 44. But suppose the executor in the case provided for, refuses or neglects to apply, shall creditors lose their debts? We think not.. The duty is imposed on the executor for the benefit of the creditors; he is but a trustee of the right and duty for them; and if he should fail or refuse to perform it, the Court will either compel him to do so, or to avoid circuity of action, will itself undertake the duty through its proper officer.

The Court, however, can make no decree touching the sale of lands, or the rents and profits, until all the heirs or devisees. of the testator are made parties. The defendant is only one of them.

The plaintiff further prays an injunction against the defendant, paying any of the debts of the testator except. under the decree of the Court, and the Court allowed it. This. was erroneous. In *Allison* v. *Davidson, ubi supra,* it is said that it is only a decree to account, that ties up the hands of the executor and prevents his making preferences. This is probably the reason why suits of this sort did not become the general means of settling up insolvent estates. No case is known in which the executor was enjoined on the filing of the bill.

There will be a decree that the executor account; and it

must be referred, if the parties desire it, to a referee to state, and report an account; if they do not agree on a referee, it will be referred to the Clerk of the Superior Court of Mecklenburg.

The injunction is dissolved.

As the heirs are not parties there ean be no decree affecting their rights.

The case is remanded to the Superior Court of Mecklenburg county, where the plaintiffs may apply to amend their bill as they may be advised. They must pay the costs of this Court.

PER CURIAM.　　　　　　　　Injunction dissolved.