L. G. HEILIG and others *v.* J. C. FOARD, Adm'r, &c.

Civil actions by a creditor against an executor or administrator, must be brought *to the Court at Term* :

In such case, if the defendant denies the debt, admitting assets, the action is tried in the ordinary way ;

If he deny the debt, *and also*, that he has assets, the issue as to the debt is tried in the ordinary way, and then, if the debt be established, a reference is to be had, to ascertain the amount of the debts, (and their several *classes*, in respect to administrations since July 11th 1869,) and the amount of assets from all sources ; upon the coming in of the report, after the exceptions, if any, are disposed of, a final judgment will be entered in favor of all the creditors respectively who have proved their debts, for such part of the fund as they may be entitled to, and executions will issue accordingly *de bonis propriis*, as formerly upon a claim in equity.

The Probate Court has exclusive original jurisdiction of special proceedings for legacies and distributive shares ; in such cases, if the construction of a will come in question, or, should exceptions be filed to the account as stated by the Probate Judge, such questions and exceptions, and all other questions of law will be sent up to the Judge ; from whose decision, an appeal may be taken.

The jurisdiction for auditing accounts of executors, administrators and guardians, conferred upon the Judge of Probate, by C. C. P., ss. 418 and 478, is an *ex parte jurisdiction* of examining the accounts and vouchers of such persons, allowing them commissions, &c., as formerly practised ; and does not conclude legatees, &c., or affect suits *inter partes* upon the same matters ; which suits, *in case of legatees and distributees*, (unless brought upon bonds given by administrators,) are by *special proceedings* before the Probate Court ; and *in case of wards*, or if *upon administration bonds*, are by *civil actions* brought to term.

A demurrer to a complaint, "because it does not state facts sufficient to constitute a cause of action," must be disregarded, for not *distinctly specifying* the grounds of objection.

(*Love* v. *Commissioners of Chatham, ante* 706, approved; *Hunt* v. *Sneed, ante,* 176, observed upon.)

CIVIL ACTION, tried before *Cloud, J.,* at Spring Term 1870 of ROWAN Court.

The plaintiff brought suit as a creditor of the deceased, on behalf of himself and all others of the same *class*, alleging that he held a bond against the intestate, upon which he had heretofore brought suit which was still pending, and that the administrator (who had been appointed before July 1st 1869,) was about to exercise the power of preference amongst creditors of the same class, so as to defeat his claim.

The prayer was for an injunction, &c.

The defendant demurred to the complaint:

" 1. Because it does not state facts sufficient to constitute a cause of action ;"

2. For want of jurisdiction of the subject matter.

His Honor overruled the demurrer; and the defendant appealed.

*Blackmer & McCorkle,* for the appellant.

1. The injunction was improvidently granted: *Simmons* v. *Whitaker*, 2 Ire. Eq. 129 ; *Wadsworth* v. *Davis*, 63 N. C., 251.

2. The Court had no jurisdiction of the subject matter; *Hunt* v. *Sneed, ante,* 176.

*Boyden & Bailey* and *Barringer, contra.*

PEARSON, C. J.   The first branch of the demurrer ought to have been disregarded, because " it does not distinctly specify " the ground of objection to the complaint : *Love* v. *Commissioners of Chatham County, ante,* 706.

This is a civil action by a creditor against an administrator.   The question is, has the Superior Court jurisdiction, or should the proceeding be had before the Probate Court? It is singular that the act of 1868–'9, ch. 113, entitled " An act concerning the settlement of the estates of deceased per

sons," although it enters very fully into matters of detail, does not settle this question, but leaves it to be decided by the Courts, as matter of construction.  After full consideration of the Constitution in regard to the jurisdiction of the Probate Court, of the provisions of the C. C. P., and of the act referred to, we have come to the conclusion that the true construction, taking all together, is as follows:  Debts against deceased persons must be sued. for by civil action against the personal representative, and the summons must be returnable to a regular term of the Superior Court; If the defendant denies the debt but admits assets, the question, debt or no debt, must be tried in the ordinary way; If the defendant by his answer denies the debt, and also denies that he has assets applicable to the debt, then the debt being first established an interlocutory order should be made declaring that fact, and directing a reference, C. C. P. sec. 245, to ascertain the amount of the debts (and their several *classes*, in respect to administrations since July 1st 1869, acts 1869–'70, ch. 58,) and the amount of the assets from all sources.   Upon the coming in of the report, after disposing of exceptions, a final judgment will be entered in favor of all creditors respectively who have proved their debts, to the part of the fund to which they may be severally entitled, for which executions may issue " *de bonis propriis* " as upon a claim in equity.   This is the only construction that will give effect to chapter 113, (above) secs. 24, 25, 102, 103, 104. For instance, sec. 103 provides " The defendants in such actions (that is executors and administrators) may show that there are unsatisfied debts of a prior class, or of the same class with that in suit ; if it appears (on the coming in of the report) that the value of the property acquired by them, (that is, the amount of assets) does not exceed the debts of a prior class, judgment must be in their favor; if it appears (on coming in of the report) that the value of the property

acquired by them (the amount of assets) exceeds the amount of debts which are entitled to preference over the debt in suit, the whole amount which the plaintiff shall recover is. only such a portion of the excess as is a just proportion to. the other debts of the same class of that in suit." This disposes of the subject of the manner of collecting debts of deceased persons.

The Probate Court has original exclusive jurisdiction of legacies and distributive shares, by "special proceedings." Should the construction of a will become necessary, the question will be sent up to the Judge, and from his decision an appeal may be taken; should exceptions be filed to the account stated by the probate judge, the exceptions and all questions of law will be sent up to the judge, and an appeal may be taken. This disposes of the collection of legacies and distributive shares.

The only difficulty is presented by *Hunt* v. *Sneed, ante,* 176. When that case was before us it was treated as a special proceeding for *a legacy,* and it was held that the probate Court had original exclusive jurisdiction. Our attention was not called to the fact that the plaintiff also demanded *a debt.* If it had been, we should either have dismissed the action, on the ground of multifariousness, (one claim being a debt, of which the Superior Court had jurisdiction, the other a legacy, which belonged to the jurisdiction of the Probate Court,) or else have required the plaintiff to elect to proceed for the debt, and withdraw his claim for the legacy,. to be determined by the Probate Court.

It is proper to remark, that Art. IV, sec. 17 of the Constitution, and the C. C. P. ss. 418 and 478, in using the words, "audit the account of executors, administrators and guardians," have reference to the duty of examining accounts. filed by executors, &c., to see that the account of *charges* corresponds with the *inventories,* passing upon the *vouchers*

and striking a balance, after allowing *commissions*, as under the existing laws. This is *ex parte*, and does not conclude legatees, distributees and wards, and is subject to a final account and settlement by a *special proceeding "inter partes"* before the Probate Court. (Act of 1868–'9, c. 113, s. 96,) and by *civil action* in respect to the amount claimed of guardians. " The ordinary " never had jurisdiction in the matter of settlements between guardian and ward. The remedy is by action on the guardian bond. So in suits *on the bonds* of administrators, the remedy is by civil action ; the accounts to be taken by a referee : C. C. P. s. 245.

Judgment below affirmed. This will be certified, to the end that an account may be taken, &c., according to the law in force when letters on administration were granted ; which, in this case, was prior to the first day of July 1869. Act of 1869–'70, c. 58.

PER CURIAM.                              Affirmed.