The facts were, that Barnes had obtained a judgment against Howell and others, at August term 1866 of Wayne County Court, upon a bond executed by them in 1861, when Howell was under age *Page 487 by eighteen days. The judgment was under an attachment levied in May 1866, Howell being then a resident of Mississippi. Howell visited Wayne County in November 1866, and was notified of the existence of the judgment by his attorney, but was not notified of its being in his power to vacate it. Nothing passed between them upon this last point. Some negotiations took place then and afterwards between Howell and Barnes, for the settlement of the debt, but without result. The affidavit for this rule was filed in March 1869.
The above statement is extracted from the affidavits filed by the parties and their witness, which were transmitted to this Court.
His Honor discharged the rule, and the plaintiff appealed.
It is a moral duty of every citizen not to contract with those who are incapable of binding themselves, and thus cause them to be hedged with difficulties: Alexander v. Hutchison, 9 (627) N.C. 537. Ratification must be deliberate, distinct and explicit:McCormic v. Leggett, 53 N.C. 425; Hoyle v. Stowe 19 N.C. 370;Armfield v. Tate, 29 N.C. 258; Alexander v. Hutchinson, 9 N.C. 535;Dunlop v. Hales, 47 N.C. 381, 1 Pars. Cont. 569 and nn., Smith, Con. 214.
In considering this case, the Court cannot forget that, from 1865 to the Fall of 1868, the State was under military rule, and that all business, especially in the Courts, was in the utmost confusion.
Judgment upon attachment stand upon same footing with other judgments, if taken according to the course of the Courts therein: Skinner v. Moore,19 N.C. 138; Harison v. Pender, 44 N.C. pp. 78 and 80. Therefore, they cannot be set aside at a subsequent term: Murphy v. Merrit 63 N.C. 502;Davis v. Shaver, 61 N.C. 18; Sharpe v. Rintels, Ib. 34.
If it could have been set aside, the delay here is unreasonable: Webb v.Durham, 29 N.C. 133; March v. Thomas, 63 N.C. 251. See also, Erwin v.Erwin, 14 N.C. 528; Davis v. Marshal, 9 N.C. 59; Collins v. Nall,14 N.C. 224; Elliott v. Jordan, 44 N.C. 298; Baker v. Halstead, Ib. 41. Ignorance of law will not help: Elliott v. Holliday, 14 N.C. 377.
Judgment was rendered against the present plaintiff after he attained his majority, upon a bond which he executed *Page 488 
during his minority, and this is a motion to vacate the judgment, upon the ground that the suit in which the judgment was rendered, was by attachment, and he had no actual notice thereof, and, therefore, did not plead his infancy, and he asks that he may be permitted to plead it now.
Treating the motion as a petition for a certiorari, we have this case: Judgment rendered August 1866; application for (628) certiorari March 1869. The delay unexplained is gross laches. The explanation must come from the plaintiff. The explanation offered, is, not that he did not know of the existance of the judgment, for it seems that he knew of it in November 1866, but that he did not know of its "voidable character" until about the time of this motion. His counsel construes that to mean, that he did not know the fact of his minority. But that is not the meaning: He means that he did not know that his non-age would have enabled him to avoid the bond by plea, or that the judgment might be vacated, and his plea let in. This ignorance of the law is no excuse.
The point made by plaintiff's counsel, that no facts were found by his Honor on which the motion was disallowed, makes it the worse for the plaintiff; for, as before said, the facts in excuse must come from him, and if no facts are found, then, of course, no facts are found for him. It does not appear that the plaintiff offered any evidence which his Honor would not hear. We have then the case of a motion for a certiorari, without any evidence to support it. If we look to the complaint and answer for the facts, we find that what is alleged by one is expressly denied by the other. So we still have the motion without any support, and of course, it cannot be allowed.
But probably it would be more satisfactory for us to say that we have looked into testimony accompanying the case, which we suppose was intended as a substitute for the facts, and it appears plainly enough that his Honor would have been warranted in declaring the facts to be, that the judgment passed in August 1866 without actual, but with constructive and sufficient, notice to the present plaintiff; that he knew of it in November 1866, as appears by his own affidavit, asked indulgence and promised to pay, and never moved to vacate until March 1869. Upon such a state of facts (629) his Honor ought to have refused the motion. See Cardwell v. Cardwell, ante 621, and Waddell v. Wood, ante 624.
No error.
Per curiam.
Judgment affirmed.
Cited: Lerch v. Mckinne, 187 N.C. 420. *Page 489