JOSHUA MILLER and others, Deacons of Thyatira Church, *v.* GEO. T. BURNEST and KATE C. BARNES.

Though the Court of Probate has exclusive original jurisdiction of special proceedings to recover legacies and distributive shares, yet, if the executor has so assented to a pecuniary legacy as to amount to an express or implied promise to pay the legacy, it must be recovered by a suit in the Superior Court.

The cases of *Hunt* v. *Snead,* 64 N. C. Rep. 170 and *Heilig* v. *Foard, Ibid* 710, cited and approved.

This was a civil action brought in the Superior Court of ROWAN County, for the recovery of a pecuniary legacy of $5,000 bequeated to the plaintiffs by Samuel Kerr, the testator of the defendant.  In their complaint the plaintiffs alleged that the defendants, as executors of the testator, had assented to the legacy and had in their hands sufficient assets wherewith to pay it.  The defendants filed an answer to the complaint, in which they denied that they had assented to the said legacy.  At the Fall Term, 1870, of the Court, his Honor, *Henry, J.,* presiding, the defendants moved to dismiss the suit for want of jurisdiction, which motion was sustained by his Honor, and from the order dismissing the suit the plaintiffs appealed.

*Blackmer & McCorkle,* for the plaintiffs.
*J. H. Wilson,* for the defendants.

MILLER AND OTHERS, &c., *v.* BARNES AND WIFE.

SETTLE, J. The only question which is presented by the record for determination is one of jurisdiction. In deciding this we are not to consider the answer of the defendants, for their motion to dismiss puts them in the same position as if they had demurred.

Taking then the complaint to be true, the plaintiffs have a right to bring their action to the Superior Court, upon the ground that the legacy has been assented to, that is, provided the assent amounted to an express or an implied promise to pay the same. The assent of the executors to the legacy is distinctly alleged in the complaint, and it takes this case out of the general rule laid down in *Hunt* v. *Snead,* 64 N. C. 170, and *Heilig* v. *Foard,* 64 N. C. 710, that the Probate Court has exclusive original jurisdiction of special proceedings for legacies and distributive shares.

The assent is alleged in broad terms, and if the proof shall show that it amounted to an express or implied promise to pay the legacy, it became a debt to be recovered like any other debt in the Superior Court. There was error in dismissing the action.

Let this be certified, &c.

PER CURIAM.                    Judgment reversed.