It is stated in the petition, that in December, 1873, one Chesley L. Barton, on behalf of Thomas Barton, filed in the Probate Court of PERSON County, a petition, in forma pauperis, praying for a jury, who should try and say whether the said Thomas was or was not non compos mentis, and capable of managing his own affairs; That the jury was summoned as prayed for, and met at the Court house on the 20th of April, 1872, and after hearing evidence, for their verdict found, "that the said Thomas Barton was incapable of managing his own business in a judicious and proper manner." That no order was issued, nor any guardian appointed for the said Thomas, according to the verdict.
Further it is stated in the petition, that the plaintiff, or (135) petitioner in this case, after the verdict of the jury, applied to the Judge of Probate to re-open the case, upon the ground, that all the evidence in relation to the state of Thomas Barton's mind was not produced before the jury; that he, the present, petitioner, did not make himself a party to the proceedings, but only acted as a friend of the said Thomas Barton, and with the consent of the petitioner in the original cause, the matter was reheard before another jury in May, *Page 120 
1873, who, for their verdict, found, "that no guardian is necessary," thus reversing the decision of the first jury; and that the Probate Judge has issued an execution against the petitioner in this case, for about $60, costs.
For the foregoing reasons, it is prayed that a writ of certiorari issue to the Judge of Probate, commanding to certify the proceedings in the original petition of Chesley L. Barton, to the Superior Court of Person County, and cause the case to be docketed; and in the meantime, that a special injunction issue to the sheriff, commanding him to refrain from any further proceedings under the execution for costs.
Upon the hearing, his Honor ordered the petition to be dismissed, and the petitioner to pay costs, from which order the petitioner appealed.
When an appeal is not given by law, a certiorari is the proper remedy.Reardon v. Guy, 3 N.C. 433; Davis v. Marshall, 9 N.C. 59. The petitioner in this case could not appeal, because he was not a party; the appeal being denied, his only remedy was by a writ of certiorari.
There is merit in the petition, the petitioner has inherent rights, and the writ should have been granted, so that he could be heard. Schenck Ex.parte, 65 N.C. 353.
The first petition was brought in forma pauperis, and if this petitioner was a party, then no costs could have been taxed (136) against him. He was not a party, and of course, under no circumstances, could an execution for costs issue against him.
The writ of certiorari lies to correct errors of law, as a writ of false judgment, or as a substitute for an appeal, and issues when the party has been improperly deprived of his appeal, as a matter of course, and where he has lost his appeal by accident; it issues upon affidavit, and showingprima facie, a case of merits. Dougan v. Arnold, 15 N.C. 99.
In our case, a certiorari cannot issue as a writ of false judgment, for it is not affirmed or shown in the petition, that any judgment at all, was rendered against the petitioner. A judgment is the foundation of the writ, in this aspect of the case.
If, however, the writ is applied for as a substitute for an appeal, to entitle him to it, the party must show that he has been improperly deprived of his appeal or has lost it by accident. The case does not show that an appeal was prayed even, much less that he was deprived *Page 121 
of it by accident or otherwise; nor does the case show any merits which entitled him to relief in the Superior Court. McMillan v. Smith, 4 N.C. 173;Collins v. Nall, 14 N.C. 224.
The case shows that an inquest of lunacy had been held upon one Thomas Barton at the instance of C. L. Barton, and that the Judge of Probate, of Person County, before whom it was held, had issued an execution against the plaintiff here, for the costs.
He has mistaken his remedy, which was by a motion in the cause, in the court which had jurisdiction of the proceedings in lunacy, and which had issued the execution.
There is no error.
PER CURIAM. Judgment affirmed.
Cited: Williams v. Williams, 71 N.C. 430.
(137)