The plaintiff filed a petition in the Probate Court, alleging:
That Thomas A. Gholson Palmer died during the year 1840, leaving a will in writing, duly executed, to pass his whole estate, which was admitted to probate at February Term, 1841, of Warren County Court. James O. K. Mayfield, the executor therein named, duly qualified, and took into his possession personal estate and effects sufficient to pay the debts, funeral expenses and legacies of his testator.
The testator, after disposing of certain lands in his will mentioned, devised as follows:
"Item 6th. It is my will and desire that all of my negroes shall be sold by my executor hereinafter named, on a credit of twelve months, to the highest bidder, bond to bear interest from the date of sale, and the proceeds of said sale to be kept by my executor hereinafter named, together with all individual property or money that (627) I shall die possessed of, for the comfortable support of my father, Thomas E. Palmer, as long as he lives, to be administered to his necessities as my executor hereafter named, shall see best.
Item 4th. I give and bequeath to my sister, Mary A. Palmer, and Mary J. Walker, (daughter of Mary J. Walker, my sister,) after the *Page 470 
death of my father, all the money in the hands of my executor hereafter named, and all other not bequeathed, to be equally divided between said Mary A. Palmer and Mary J. Walker. In case Mary A. Palmer should die without lawful issue of her body, the whole of her interest in this will shall belong to Mary J. Walker, and in case Mary J. Walker die without lawful issue of her body, the whole of her interest in this will shall go to Mary A. Palmer. In the event of both Mary A. Palmer and Mary J. Walker's death without lawful issue of their bodies, the whole of their interest in this will shall be equally divided among all of my surviving brothers and sisters."
Thomas E. Palmer died on the 25th day of March, 1861. The money on hand, estate and effects, mentioned in said will were sufficient as to the income thereof, to furnish a comfortable support for the said Thomas E. Palmer, so long as he lived.
The property therein mentioned was sold by the executor on the 20th day of March, 1841, on a credit of twelve months, with interest from date, and an account of sales was returned by him to May Term, 1841, of Warren County Court, from which it appears that the amount of sales was two thousand four hundred and fifty-nine dollars and seventy-five cents.
James O. K. Mayfield, as executor, never returned an inventory of the estate of his testator, or any account current, or any other account than the aforesaid account of sales.
Since the death of the testator, Thomas A. Gholson Palmer, the said Mary A. Palmer has intermarried with James T. Russell, and (628) Mary J. Walker has intermarried with Thomas R. Hendrick.
The said executor has never paid to Thomas R. Hendrick and wife, or either of them, their legacy, or any part thereof.
The executor on the 27th day of April, 1863, paid to James T. Russell the sum of six hundred and eight dollars and nineteen cents, but has paid nothing more on said legacy, although there was at the time aforesaid a large amount due them.
The said executor did not keep the funds mentioned in the 3rd and 4th items of said will, separate and apart from all other funds for the benefit of the legatees, but mingled the same with his own private funds, and applied the same to his private purposes, except the sum paid to James T. Russell aforesaid.
James O. K. Mayfield died in Warren County during the year 1875, leaving a will in writing, duly executed, to pass both real and personal estate, which was admitted to probate on the 21st day of January, 1875, and James H. Mayfield, the executor therein appointed, qualified as such, and took into possession personal estate more than *Page 471 
sufficient to pays his debts and funeral expenses, and also any legacies for which the said testator had rendered himself personally responsible.
The plaintiffs have demanded of the defendant a settlement and the payment of the amounts due on these respective legacies, with which demand he has failed to comply.
The petition prayed for an account, etc.
The defendant demurred to the complaint upon the grounds following:
1. It appears upon the face thereof, that this court has no jurisdiction of the subject of this action, as to Thomas R. Hendrick and Mary J., his wife, upon the ground that this action is brought to recover a legacy, and the complaint, as appears upon the face thereof, does not allege that said legacy has ever been assented to as to them.
2. As to James T. Russell and wife, the complaint alleges that (629) said legacy has been assented to as to them, by paying a part thereof. The defendant therefore demurs to the complaint upon the further ground that this court has no jurisdiction of the subject of the action, for the reason that the Clerk of the Superior Court has no jurisdiction over actions to recover legacies which have been assented to, the same being a debt recoverable at the regular term of the Superior Court.
Upon the hearing before the Probate Court, the demurrer was overruled, and the defendant appealed to the Superior Court. Upon the hearing, the judgment of the Probate Court was affirmed, and the defendant appealed to this court.
The complaint and demurrer thereto, present the question of jurisdiction only. The Court of Probate has exclusive jurisdiction of proceedings for the recovery of legacies and distributive shares of estates. Bat. Rev., Chap. 45, Sec. 134. Heilig v. Foard, 64 N.C. 710; Hunt v. Sneed,64 N.C. 176.
When, however, a specific pecuniary legacy has been given and has been assented to by the executor, it becomes a debt, and must be recovered by action brought to a regular term of the Superior Court. Such were the cases of Miller v. Barnes, 65 N.C. 67, and Hodge v. Hodge, 72 N.C. 616.
In Bidwell v. King, 71 N.C. 289, the promise was made by the executor to pay the interest on a specific pecuniary legacy; yet that was held to be insufficient to give the Superior Court jurisdiction, and the exclusive jurisdiction of the Court of Probate was sustained. To the same effect isBell v. King, 70 N.C. 330. *Page 474 
In the case before us, no specific sum was bequeathed to the plaintiffs or claimed in the complaint. Nor does the complaint allege a promise of the executor to pay any sum certain or any sum uncertain. It is alleged that the executor had paid one of the plaintiff legatees $608.19, but that can only be construed into an assent to that amount and no more. It is certainly not an assent to pay the balance claimed. No specific sum was willed to the plaintiffs, but only the residue of an estate which might remain after a life support out of it, to the father of the testator. It was uncertain what that residue would be, (633) and it would only be ascertained by an account to be taken. No assent of the executor to such a legacy as this, will deprive the Court of Probate of its appropriate jurisdiction.
There is no error.
PER CURIAM. Judgment affirmed.
Cited: Stancil v. Gay, 92 N.C. 462; Baker v. Carter, 127 N.C. 94;Clark v. Homes, 189 N.C. 711.