*JOSEPH BRITTAIN, Administrator, v. JOHN A. DICKSON et al.

*Administration — Creditors—Parties—Petition to Make Assets.*

An administrator *d. b. n.* cannot be compelled by the creditors of an
estate to proceed with a petition to make assets begun by the
former administrator, deceased.

This was a CIVIL ACTION, heard at the Fall Term, 1892, of
BURKE Superior Court, before Armfield, J.

Mr. Isaac T. Avery, for plaintiff.
Mr. S. J. Ervin, for defendants.

BURWELL, J.: This cause was before the Court at September Term, 1889, upon an appeal of the defendants, heirs at
law of John A. Dickson, and was remanded in order that
further action might be taken, in accordance with the opinion of Chief Justice MERRIMON, 104 N..C., 547.

The proceeding was begun in January, 1887, before the
Clerk of the Superior Court of Burke .County, the sole petitioner being Joseph Brittain, administrator *de bonis non* of
John A. Dickson, and the defendants being the heirs at law
of said Dickson, and the relief sought was that certain lands
that·had descended to the defendants from John A. Dickson
should be sold to make assets to pay the indebtedness of his
estate. The answer of the defendant heirs raised issues of
fact, and it was transferred to the Court in term, according
to the provisions of *The Code*, § 256.

After the cause was remanded to the Superior Court of
Burke County from this Court, as stated above, it was referred
to find additional facts, and, after report had been made,
Joseph Brittain, the plaintiff, died in January, 1891, and in

*AVERY, J., did not sit.
111—34

April of that year L. A. Crawley was appointed to be the administrator of the estate of John A. Dickson in the place of Joseph Brittain. The death of Brittain had been suggested to the Court at Spring (March) Term, 1891, by the counsel who had represented him in this proceeding. At Fall Term, 1891, the counsel of record for Joseph Brittain gave notice to L. A. Crawley and to the defendants that they would move to make him a party to the proceeding. The case on appeal states that this " notice was not answered, but defendants' counsel moved the Court that the action abate. Both motions were continued. At Spring Term, 1892, T. G. Walton, executor, and S. M. Roderick, executor, judgment creditors of John A. Dickson's estate, filed a petition and moved the Court that they be allowed to make themselves parties plaintiff, and that L. A. Crawley be made party plaintiff or, on his refusal, defendant, and this motion was continued because not reached on the docket."

" At Fall Term, 1892, his Honor (Armfield, J.,) declined to grant defendants' motion that the action had abated, or to abate it, and the defendants excepted. L. A. Crawley appeared and objected to being made a party plaintiff, and the Court ordered that T. G. Walton, executor, and S. M. Roderick, executor, judgment creditors, be made parties plaintiff, as prayed in the petition, and that L. A. Crawley, administrator *d. b. n.* be made party defendant, to both of which rulings defendants excepted."

His Honor then proceeded to hear the cause upon the exception to the report, and having overruled all the exceptions gave judgment that the land described in the petition should be sold to make assets to pay debts, to which the defendant heirs excepted and appealed to this Court.

It seems, therefore, that this proceeding, originally instituted before the Clerk by the administrator of John A. Dickson against his heirs to have land sold to make assets, has become a suit of two of the creditors of John A. Dickson

against his heirs and administrator d. b. n. When Joseph Brittain died, this proceeding could have been continued only by "his representative or successor in interest" (*The Code*, § 188), and his successor was L. A. Crawley, the new administrator. And if he, for reasons that he considered valid, declined to ask the privilege of carrying on the pending litigation, or, having been served with the notice provided for by section 188 of *The Code* (amendment of 1887, as set out in Clark's Code, p. 102), refused to appear and prosecute the action or proceeding, no person or persons can be made plaintiffs in his stead, as was done here, for that would work an entire and radical change in the nature of the action. This proceeding was begun by the administrator Brittain before the Clerk to have land sold to make assets, according to the provision of *The Code*, § 1436; it cannot be converted into a creditor's bill, such as is approved in *Wadsworth* v. *Davis*, 63 N. C., 251.

The judgment in this cause at Fall Term, 1892, of the Superior Court of Burke County was error.

If after notice as provided in chapter 389, Laws 1887 (Clark's Code, p. 102), the administrator persists in his determination not to prosecute this proceeding, the creditors of John A. Dickson's estate, if there are any, must proceed against him and the heirs, as they may be advised.

Error.