## LERCH BROTHERS v. McKINNE BROTHERS.

(Filed 19 March, 1924.)

**Pleadings — Statutes — Judgment—Default of Answer—Excusable Neg-lect—Ignorance of the Law—Motions.**

> . Where a party is made a defendant by service of summons, together with the complaint filed in the action, he is irrebuttably fixed with notice that, under the provisions of C. S., 600, he is required to file his answer in twenty days from substitute service; and on his motion to set aside judgment rendered in default of an answer, his ignorance of the law will not excuse him, though misled by the erroneous wording of the summons in this respect.

APPEAL by plaintiff from *Calvert, J.* A former appeal is reported in 186 N. C., 244.

It appears therein that the clerk denied the plaintiff's motion for judgment by default, and this Court affirmed Judge Cranmer's order reversing the clerk. After the opinion was certified to the Superior Court of Franklin County execution was issued, and the defendants thereupon moved to set aside the judgment for excusable neglect and asked leave to file an answer. The motion was heard at chambers in Raleigh on 29 December, 1923, and Judge Calvert found as facts: (1) that the summons, which was issued on 28 December, 1922, commanded the defendants to appear before the clerk of the Superior Court on 8 January, 1923, and within twenty days thereafter to answer the complaint, which would be deposited in the clerk's office on or before the return day of the summons; (2) that the complaint was duly served with the summons on 28 December, 1922; (3) that the defendants had their attorneys to prepare an answer and tender it for filing after twenty days from the service of the summons and complaint but within twenty days from 8 January, 1923; (4) that the language of the summons was calculated to divert and did divert the mind of the defendants from the proper time for filing the answer, and that they relied upon the mandate in the summons.

LERCH v. McKINNE.

As conclusions of law his Honor held that the defense was meritorious and that the language of the summons was sufficient ground for finding, as he did find, that while there was a mistake of law on the part of the defendants in failing to file their answer within the time prescribed, yet that was an inadvertence which entitled them to relief. Thereupon the judgment was set aside and the defendants were given leave to file an answer. The plaintiff excepted and appealed.

*T. T. Hicks & Son* for plaintiff.
*W. H. Yarborough and S. A. Newell* for defendants.

ADAMS, J. The judge is authorized, upon such terms as may be just, to relieve a party at any time within one year after notice from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect (C. S., 600), but the several grounds upon which the power may be exercised relate to facts and do not extend to matters of law. *Ignorantia facti excusat, ignorantia juris non excusat.* Ignorance of a material fact may excuse a party, but ignorance of the law does not excuse him from the legal consequences of his conduct. In *Skinner v. Terry,* 107 N. C., 103, the Court, holding that the words "mistake, inadvertence, surprise, and excusable neglect" signify some fact of which the complaining party should have had knowledge and do not include mistakes of law, used this language: "It [the statute] does not imply that the Court may grant a new trial or set aside a judgment for errors of law or upon the ground that the party was ignorant of the law or of his rights and of the methods and means whereby he might assert or enforce them." During the present term the question has again been considered and decided (*Battle v. Mercer, post,* 437), and while it does not call for further discussion, reference may be made to the following additional cases: *Howell v. Barnes,* 64 N. C., 625; *Churchill v. Ins. Co.,* 88 N. C., 205; *Phifer v. Ins. Co.,* 123 N. C., 405; *Mann v. Hall,* 163 N. C., 51, 54.

If the defendants unfortunately relied upon the language of the summons, they were nevertheless affected with knowledge of the statutory provision prohibiting the clerk from extending the period for answering beyond twenty days after service of the complaint, and their "inadvertence" was essentially a mistake of law. In such case the statute affords no relief. C. S., 600; Public Laws, Extra Session 1921, ch. 92.

As it is unnecessary to discuss the merits of the defense we forbear referring to it except to call attention to the defendants' repeated promises to make settlement of the account.

For the reasons assigned, the order of his Honor vacating and setting aside the judgment must be

Reversed.