JAMES M. B. HUNT *v.* WILLIAM M. SNEED and wife.

Clerks of the Superior Courts have original jurisdiction of all proceedings for the settlement of the estates of deceased persons.

That jurisdiction is also *exclusive* whenever adequate ; *i. e. perhaps,* in all cases except where a provisional remedy by injunction may be required pending the proceedings before the Clerk.

Orders for an injunction in such cases must be had from the Judge, and must be modified or vacated by him ; but applications for the orders must be made by motion in the original proceedings, and returns upon the Judge's order, must be made to the Clerk.

*Therefore* an action demanding that an executrix, who was alleged to be wasting the estate. should turn it over to a receiver, that the plaintiff should be paid a legacy, &c., which had been brought to term time, was dismissed.

ACTION, tried before *Watts, J.,* at Fall Term 1869 of GRANVILE Court.

On the 24th of July 1869, the plaintiff issued a summons re-

turnable at the regular term of the Superior Court of Granville, and filed his complaint, in which he alleged, in substance, that the defendant, Sarah, was the executrix of one Bullock, and had intermarried with the other defendant; that the plaintiff was both a creditor and a legatee of the testator; and that defendants were wasting the estate; and demanded judgment that the defendants account, and pay his debt and legacy, and that in the meanwhile they be enjoined, &c., and a receiver be appointed. The defendants put in an answer, and the Judge continued an injunction which he had previously granted: from which the defendants appealed.

*Bragg*, for the appellant.
*Graham, contra.*

Rodman, J. (After stating the case as above.) It is contended that the Court had no jurisdiction of the case, because original jurisdiction of all proceedings necessary for the settlement of the estate of a deceased person, is, by law, vested exclusively in the Probate Judge. Section 17, Art. IV. of the Constitution gives to the Clerks of the Superior Courts jurisdiction of "the granting of letters testamentary and of administration," and "to audit the accounts of executors, administrators and guardians, and of such other matters as shall be prescribed by law." The words of this grant of jurisdiction are somewhat general and indefinite, and it was intended to leave to the General Assembly, by proper enactments, to define the jurisdiction with precision, and to prescribe the mode in which the power should be exercised. This the General Assembly undertook to do, partly by the Code of Civil Procedure, Title XIX, chapters III to IX, and, more especially, by the act of 1868--9, chapter 113, ratified April 6th 1869.

Without referring to the particular sections of this act, by which remedies are given to creditors and legatees, and pro-

ceedings are provided by which a due administration by an executor or administrator may be enforced, it will be sufficient to say that it seems evident to us that the intent of the act was to give to the Clerks of the Superior Courts original jurisdiction of all proceedings for the settlement of the estates of deceased persons. Without saying that the General Assembly might not, consistently with the Constitution, have given to the Judges of the Superior Courts some concurrent original jurisdiction of proceedings for the settlement of estates, we think their intention was to give that jurisdiction exclusively to the Clerks, except (as will be presently explained) when the remedy by injunction may become necessary as a provisional one in the course of a proceeding.

In every case in which the Court of Probate (the Clerk of the Superior Court) can give an adequate remedy, the party seeking it must apply to that Court. There may be cases in which that Court can not give an adequate remedy. For example, it may in the course of the proceedings become necessary, in order to protect the rights of one party or the other, to have an injunction, which the Clerk can not order. In that case the party needing it must of necessity apply to a Judge of a Superior Court; but such an application would not oust the jurisdiction of the Court of Probate. The order for an injunction is a provisional remedy, and must necessarily be incidental to the main cause, which would still remain in its original form; the motion for the injunction before the judge, would not remove the original cause of action before him, and the order for the injunction would be merely subsidiary to the judgment to be rendered in the original proceeding.

It is true the Clerk would have no power to modify or vacate such an injunction, but application could be made to the Judge at any time to do so, whenever its propriety became apparent through the proceedings or judgments in the probate Court. There may be other orders besides that for an injunction, for which it may be necessary to apply to a judge of a

Hunt *v.* Sneed and wife.

Superior Court, though no other occurs to us at present. But in all such cases the order is made in the original pro-. ceeding, and is a part of the record in that proceeding. In case of another appeal from the order of the Judge, so much only of the case comes up as is necessary for a decision upon that order; the original proceeding remains in the Court of Probate, and any action may be taken therein in the meantime, not inconsistent with the orders of the Judge, and with the law. Consequently, all returns upon the order of the Judge must be made to the Court of Probate, and if any further order be needed from the Judge, application must be made by motion in the original cause.

In every attempt to introduce a new system of procedure by statute, much must necessarily be left not distinctly provided for, and the Courts are obliged gradually to fill up the details of the system conformably to the general legislative intention. In attempting to do so, the *argumentum ab inconvenienti* avails much. By any other course than that which we have indicated as the proper one in this case, the inconvenience could scarcely be avoided of having parts of the same settlement pending in two different courts, and in two entirely separate proceedings, at the same time, in which neither Court could give more than a partial remedy; or, if the Judge of the Superior Court should undertake to give a full remedy, as was done by the former Courts of equity, he could only do so by totally depriving the Probate Court in the particular case, of the jurisdiction expressly given it by statute, and defeating much of the lawful action of that Court. In connection with this subject, we take occasion to suggest to the Judges of the Superior Courts the propriety of the greatest liberality in allowing parties to amend their proceedings.

Our opinion on this question renders it unnecessary to express any opinion on the others which were debated by counsel. The present proceedings being *coram non judice*, should have been dismissed.

Per Curiam.                    Judgment reversed, &c.