FURMAN, DAVIS & CO. *v.* E. F. MOORE, Adm'r, &c.

Whether an account in the handwriting of the party charged, under a heading in the same handwriting, showing that it was an account of one partner's indebtedness to the firm, entered upon the partnership books, be *a signed account,* within the statute heretofore prescribing the *degrees* of deceased person's debts, *Quaere ?*—but at all events it is no *settled* account showing the partner's indebtedness *to his co-partner,* but is merely an item in the general settlement of their dealings in that connexion.

An administrator, under our former system, had no right to retain a debt of lower dignity within the nine months given him to plead, upon the ground that he had no notice of debts of higher dignity.

(*Midgett* v. *Watson,* 7 Ire. 143, cited and approved.)

Assumpsit, tried before *Barnes, J.,* at January Special Term 1868, of Cumberland Superior Court.

The action was brought in October 1857, on a note made to the plaintiffs by a firm trading under the style of "Moore & Brother" which was composed of W. F. and J. J. Moore. Both partners were dead, the defendant being administrator of the former, under letters issued in June 1857.

The defendant pleaded Fully-administered, &c.; and the question before the Court, was upon *retainers,* allowed to him by the Commissioner who stated his account.

The deceased, previously to becoming a partner in " Moore & Brother," had done business with the defendant as partner in the firm of " W. F. & E. F. Moore." The books of that firm, (which had never been *settled,*) showed, in the handwriting of the deceased, *an account* stating the items of his indebtedness to it, under a *heading* also in his handwriting.

The defendant claimed to be allowed to retain one-half of this, as being a *liquidated and signed account* in his favor.

He also claimed to be allowed to retain an account not signed, on the ground that he had paid himself (as was admitted) *before he had notice* of the existence of the plaintiffs' debt.

These items were allowed by the Commissioner; but having been excepted to, were rejected by his Honor; and the defendant appealed.

*B. Fuller*, for the appellant, cited, and commented upon, *Newman* v. *Taber*, 5 Ire. 231; *Midgett* v. *Watson*, 7 Ire. 143; *Plummer* v. *Owens*, Bus. Eq. 254; Parsons Laws of Business, 140; *DeTastet* v. *Shaw*, in 2 Wms. Ex. 941.

*Hinsdale, contra.*

1. The account is not *settled*, *Wilson* v. *Jennings*, 4 Dev. 90; *Newman* v. *Taber*, and *Midgett* v. *Watson*, *ubi sup*. Lindley, Part, 862.

2. There was no intention to *authenticate by signature*, which is necessary. 3 Green. Cruise. 47 and 48 notes.

3. There was no delivery.

DICK, J. The action of the plaintiffs is upon a promissory note executed to them by the intestate of the defendant. The defendant, as administrator, claims the right of retaining an account which he insists is due to him from his intestate, and is settled, liquidated and signed by the debtor, and as such is of equal dignity with the debt of the plaintiffs: Rev. Code ch. 46, § 21.

It appears that the defendant and his intestate, W. F. Moore were partners, under the name and style of W. F. & E. F. Moore. During the existence of said partnership, the intestate was the book-keeper, and entered in the ledger of the firm, under his name and in his handwriting, his individual indebtedness to said firm. There never has been a liquidation and settlement of the partnership business. Under an order made in this cause, an account was taken of the administration of the defendant, and the commissioner allowed one-half of said ledger account as a credit to the defendant, upon the ground that it was a settled and liquidated account signed by the intestate, and as such was properly retained as against a debt of equal dignity.

To this ruling the plaintiff excepted, and his Honor, in the Court below, properly sustained the exception.   An account is "settled and liquidated," in contemplation of law, where it is a final adjustment of dealings between the parties, and ascertains what is justly due by one to the other: *Midget* v. *Watson*, 7, Ire, 143.

This account does not show what sum W. F. Moore, the intestate, owed to E. F. Moore, the administrator, but it is merely a statement preparatory to a final settlement of the partnership business of W. F. & E. F. Moore.   The basis of a partnership is an agreement betwen the parties to share the profits and losses arising from some business, or undertaking.   Usually partners have a joint capital or stock, by the employment of which they expect to realize profits, to be shared in due proportion between them.   The interest of an individual partner cannot be known until an account is taken of the business, the assets and the liabilities of the firm, and the divisible surplus ascertained.   Until this is done, there is no "settled and liquidated account" of the dealings of the partnership, and one partner cannot sue the other at law.

As this Court is of the opinion that the account before us is not a "settled and liquidated account," it is unnecessary to decide the other question, which was so ably and elaborately argued by counsel, whether it is sufficiently *signed* to meet the requirement of the statute.

The ruling of his Honor on the second exception was also correct.   Previous to the change made by the act of 1868–9, ch, 113, an administrator was required to pay the debts of his intestate in the order prescribed by law.

He was allowed nine months after his qualification before he could be compelled to plead in any suit, in order that he might collect the assets of the estate and ascertain its liabilities.   If within that period he paid or retained a debt of lower degree before one of a higher, and there was a deficiency of assets, he would be liable for the higher debt out his

own estate.   In such a case, the want of notice of the higher debt, would not avail to prevent such personal liability. These principles of law are applicable to the present case, and fully sustain the ruling of his Honor on the   second exception.   We will not further elaborate the question, as the law upon the subject has been so materially changed by the above recited act.

There is no error, and the judgment below must be affirmed.

Let this be certified.

PER CURIAM.                     Judgment affirmed.