DANIEL M. FINGER and others *v.* ALFRED K. FINGER, Adm'r. &c., and others.

That the plaintiffs in equity were not served with process, in a petition at law by the defendants against them, is ground for a proceeding *in such petition,* to have relief, but none for a bill in equity.

The declaration as to the state of the assets made in the course of a petition by an administrator to sell lands, is not *binding* upon the heirs &c., and, under our former system, those heirs had a right to a bill in equity against the administrator, for an account of his dealings, &c., and for an injunction against a sale in the meantime.

Where the deficiency in personal assets resulted from accident, after they had come into the hands of the administrator, (here, Emancipation, &c.,) *held,* that the Courts of law (formerly) were not competent to order a sale of lands to pay debts, under the act of 1846, but that application must be made to a Court of Equity.

The receipt by an administrator in September 1863, of Confederate money upon sales of personalty made in August before, no more appearing, does not exhibit a want of ordinary care in an administrator.

(*Russ* v. *Latta,* 8 Jon. 111, and *Wiley* v. *Wiley,* Phil. 131, cited and approved.)

EXCEPTIONS to an account in equity, before *Logan, J.,* at Fall Term 1869 of LINCOLN Court.

The plaintiffs, by their bill, alleged, that they were heirs at

law of Henry Finger, who had died in 1863, and that the
defendant was his administrator; that the defendant had,
upon his qualification in 1863, taken into possession several
valuable slaves and other personal property; that he had
sold the personal property other than slaves, for Confederate
money, had retained the slaves until they were emancipated,
and that having thus wasted the personalty, he had recently
filed a petition for the sale of lands to pay certain outstand-
ing debts, had obtained an order therefor, and was about to
make sale; that, but for his negligence, the debts would have
been paid without taking the lands, and that two of the
plaintiffs had not been made parties to the *petition* of the
plaintiff, &c.   The prayer was for an account, for an injunc-
tion against the sale.

The administrator answered, that, in August 1863, he had
sold personal property of the deceased. at the high rates then
prevailing, to the amount of some $2,000; that with this
he had paid more than $1,000 of debts due before the war;
that he had made certain other applications of the proceeds
of the sale, as by arrangement at that time with the plain-
tiffs (excepting one of them); that early in 1864 he had been
conscribed into the Confederate army, and had remained
there until the Surrender; that at the close of the war he
had on hand, of such proceeds, about $360; that he refrained
from selling other portions of personal property, and from
hiring out the slaves, at the instance of the plaintiffs (ex-
cepting as above) who took this property and slaves into
their own hands, and gave the defendant a bond to indem-
nify him, &c.   The answer proceeds at some length to state
the condition of the estate, and show the grounds for the
order of sale, &c.

An account was ordered, and taken.   The commissioner
charged the administrator with the value of some of the
slaves, and with the hire of others; and also with the Con-
federate money in his hands at the Surrender.

The plaintiff filed exceptions to this account: the first

*five,* because the commissioner had charged. him with the slaves and other personalty taken by the next of kin in 1863; *two* others, because he was also charged with the value of the Confederate money which remained in hand and also with interest upon it; the *other* (No. 8) because the proofs upon which their report rested, were not given.

His Honor sustained the exceptions, and the plaintiff appealed.

*Bragg and Bynum,* for the appellants.

*Phillips & Merrimon, contra.*

RODMAN, J. The bill in this case prays an injunction against a sale by the administrator, of certain lands of the deceased, under an order of sale obtained in the County Court, as upon a deficiency of personal assets, to pay the debts of the deceased : it alleges that the order in the County Court was obtained without the service of notice on two of the heirs, which would be ground for setting the order aside on motion in the County Court, or in the court to which that order has been transferred. A sale would not pass the estates of those who were not made parties by a service of process, and obviously in a case like this, a sale of the estates of some of the heirs only, would be unjust. If that ground of relief existed alone, the plaintiffs would have no right to sue in equity, because they would have ample remedy in the original action ; but they also demand an account from the defendant, of his administration, to which they are of course entitled; and as subsidiary thereto, that the sale of the lands may be enjoined until the account shall be taken and it shall be found that a state of things exists which makes a sale necessary and proper. On a petition by an administrator to sell the lands of the deceased, he must satisfy the court, either that the personal estate has been exhausted in the payment of the debts, and that others are

due, or that it will clearly be insufficient for that purpose. The court, for its own satisfaction, may require an account of the administration of the personal estate to be taken; but the decree giving or refusing the order of sale, does not profess to pass on the account except to the extent that may be necessary to justify the order, and binds nobody as a decree declaring the state of the account: *Latta* v. *Russ,* 8 Jon. 111. This will be obvious without further argument, by the reflection that the distributees, who are entitled to an account of the personalty, may not be the same with the heirs, who are the only necessary defendants in a proceeding to sell the land. In this case it appears that the administrator received personal property which, if it could have been sold at the time for money which the creditors were willing to receive, would probably have been ample to pay all the debts. The condition of the country, however, in the latter part of 1863, made it uncertain whether that could be done, and this we may suppose, was the inducement to the agreement among the distributees, for a division of the property among them. After a partial division, the slaves were emancipated and thus become lost to the estate. We think the rule announced in *Wiley* v. *Wiley,* Phil. 131, applies in this case, and that under the circumstances, the distributees have a right to come into this court, where alone the account can be fully taken, and the propriety of a sale of the lands properly determined, and the rights of all the parties adjusted. We think therefore, the Judge erred in dissolving the injunction.

As to the exceptions to the account: The first five are sustained; the plaintiffs who come into Court for equity must do equity. The administrator did not receive the sums mentioned in these exceptions, and part of the property was delivered to the plaintiffs, at their request, and held and enjoyed by them. As to holding the administrator liable for the value of the slaves, because he did not sell them in 1863; we think it would be unreasonable: of course they could only

have been sold for Confederate money, and the plaintiffs seek to charge the defendant with the full sum of what he did receive. The exceptions relating to Confederate money are also sustained. We think the administrator was justified, in receiving it, and it does not appear to us that he was negligent in endeavoring to pay the debts with it.

The case will be remanded to the Superior Court, in order that the account may be modified according to this opinion. If the defendant shall there by a petition in this cause, pray for a sale of the lands, it will be competent for the Court to make such order, provided there are circumstances to justify it.

Judgment below reversed in part—Injunction continued until final hearing. Suit remanded.

PER CURIAM.                    Ordered accordingly.