The plaintiff's summons was returnable before the Superior (334) Court in Term time. Defendants demurred; assigned as a ground the want of jurisdiction. His Honor sustained the demurrer and gave judgment dismissing the action; from which judgment plaintiff appealed.
I. A creditor's bill may be brought against the heirs and the executor or administrator by any one or more of the creditors, in behalf of all who choose to come in and make themselves parties to the action. Adams' E, pages 480 to 586; Wadsworth v. Davis, 63 N.C. 251, and cases there cited.
II. Where a debt is demanded, the action should be brought to Term; when a legacy, before the Probate Court. Heilig v. Foard, 64 N.C. 710.
III. Even a legacy should be collected in the Superior Court, if it has been assented to by the executor. Miller v. Barnes, 65 N.C. 67; Pullen v.Hutchins, 67 N.C. 428.
IV. This is an action founded upon a bond upon which judgment has been obtained, and the administrator fixed with assets, but having committed a devastavit of the perishable property, and the bond of the administrator being insolvent, the plaintiff is entitled to the relief demanded in the complaint to have his debt satisfied out of the real estate of the intestate; and if the plaintiff is entitled to relief, although it may not be precisely the relief demanded in the complaint, it (335) is the duty of the Court to grant relief, though it may be in a manner and form different from that demanded in the complaint.Furman v. Moore, 64 N.C. 358; Gudger v. Baird, 66 N.C. 440.
I. The authority of Wadsworth v. Davis, cited by the counsel for the plaintiff, has no application, because the suit was instituted in that case prior to the passage of the act for "the settlement of the estates of deceased persons" 1869.
II. Heilig v. Foard also inapplicable, because the primary object of that suit was not to obtain a settlement of the estate of the deceased.
III. This action being for an account and settlement of the deceased's estate, Hunt v. Sneed, 64 N.C. 176, and Sprinkle v. Hutchinson, 66 N.C. 450, are applicable and control this place. The latter portion of the paragraph in Sprinkle v. Hutchinson, ending about midway the 43d page, expressly decides the jurisdiction, in this case against the plaintiff.Pelletier v. Saunders, 66 N.C. 261.
The act of 1869-'70, construing the act of 1868-'67, for the "settlement of the estates of deceased persons," expressly puts the jurisdiction of this case in the Probate Court, just as in cases of administration where the letters have been granted since July 1869. Laws of 1869'70, ch. 58, sec. 1, page 99. The clause is in the proviso in section 1. Battle's Rev., ch. 45, sec. 58. *Page 277 
 Hinton v. Whitehurst, 68 N.C. 316, not in point. Question of jurisdiction not made in the pleadings, and there some of the defendants seem to have been heirs of the intestate.
In our case it is apparent that the only object was to require the administrator to sell the lands — just as in Pelletier v. Saunders,supra.
This is an action in the nature of a creditor's bill, commenced in April, 1872, against the administratrix and heirs-at-law of B.R. Outlaw, deceased, and made returnable to the (336) Superior Court at term time.
His Honor dismissed the action for want of jurisdiction.
Without pausing to enquire whether the action was properly brought or not, it is sufficient to say that in Bell v. King, supra, we have held that the act of 1870-'71, ch. 108, re-enacted by the act of 1872-'73, ch. 175, and brought forward in Battle's Revisal, chap. 17, secs. 425, 426, does not conflict with the Constitution, and that it cures irregularities and defects in the manner of bringing actions, c., before one Court when they should have been brought before another.
The judgment of the Superior Court is reversed, the demurrer overruled, and the case remanded to be proceeded in according to law.
PER CURIAM. Judgment reversed.
Johnson v. Futrell 86 N.C. 125; Ward v. Lowndes 96 N.C. 377; Lowe v.Harris 112 N.C. 490.