THOMAS R. HENDRICK and wife and others *v.* JAMES H. MAY-
FIELD, Ex'r.

The Court of Probate has exclusive jurisdiction of proceedings for the
recovery of legacies and distributive shares of estates.

When, however, a specific pecuniary legacy has been given, and has
been assented to by the executor, it becomes a debt, and must be re-
covered by action brought to a regular term of the Superior Court.

No assent, however, of an executor to a residuary legacy, uncertain in
amount, which is to be ascertained by an account to be taken, will
deprive the Probate Court of its appropriate jurisdiction. Nor will
the payment of a part of a legacy, leaving a balance unpaid, have
that effect.

(*Heileg* v. *Foard*, 64 N. C. Rep. 710; *Hunt* v. *Sneed*, Ib. 176; *Miller* v.
*Barnes*, 65 N. C. Rep. 67; *Hodge* v. *Hodge*, 72 N. C. Rep. 6 6, cited
and approved. *Bell* v. *King*, 70 N. C. Rep. 330, cited, and distin-
guished from this.)

SPECIAL PROCEEDING, heard upon appeal from the Probate
Court, before his Honor, Judge *Watts*, at Chambers, in WAR-
REN county, February 8th, 1873.

The plaintiff filed a petition in the Probate Court, alleging:

That Thomas A. Gholson Palmer died during the year 1840,
leaving a will in writing, duly executed, to pass his whole
estate, which was admitted to probate at February Term, 1841,
of Warren County Court. James O. K. Mayfield, the execu-
tor therein named, duly qualified, and took into his possession
personal estate and effects sufficient to pay the debts, funeral
expenses and legacies of his testator.

The testator, after disposing of certain lands in his will
mentioned, devised as follows:

"Item 6th. It is my will and desire that all of my negroes
shall be sold by my executor hereinafter named, on a credit of
twelve months, to the highest bidder, bond to bear interest
from the date of sale, and the proceeds of said sale to be kept

by my executor hereinafter named, together with all individual property or money that I shall die possessed of, for the comfortable support of my father, Thomas E. Palmer, as long as he lives, to be administered to his necessities as my executor hereafter named, shall see best.

Item 4th. I give and bequeath to my sister, Mary A. Palmer, and Mary J. Walker, (daughter of Mary J. Walker, my sister,) after the death of my father, all the money in the hands of my executor hereafter named, and all other not bequeathed, to be equally divided between said Mary A. Palmer and Mary J. Walker. In case Mary A. Palmer should die without lawful issue of her body, the whole of her interest in this will shall belong to Mary J. Walker, and in case Mary J. Walker die without lawful issue of her body, the whole of her interest in this will shall go to Mary A. Palmer. In the event of both Mary A. Palmer and Mary J. Walker's death without lawful issue of their bodies, the whole of their interest in this will shall be equally divided among all of my surviving brothers and sisters."

Thomas E. Palmer died on the 25th day of March, 1861. The money on hand, estate and effects, mentioned in said will were sufficient as to the income thereof, to furnish a comfortable support for the said Thomas E. Palmer, so long as he lived.

The property therein mentioned was sold by the executor on the 20th day of March, 1841, on a credit of twelve months, with interest from date, and an account of sales was returned by him to May Term, 1841, of Warren County Court, from which it appears that the amount of sales was two thousand four hundred and fifty-nine dollars and seventy-five cents.

James O. K. Mayfield, as executor, never returned an inventory of the estate of his testator, or any account current, or any other account than the aforesaid account of sales.

Since the death of the testator, Thomas A. Gholson Palmer, the said Mary A. Palmer has intermarried with James T.

Russell, and Mary J. Walker has intermarried with Thomas R. Hendrick.

The said executor has never paid to Thomas R. Hendrick and wife, or either of them, their legacy, or any part thereof.

The executor on the 27th day of April, 1863, paid to James T. Russell the sum of six hundred and eight dollars and nineteen cents, but has paid nothing more on said legacy, although there was at the time aforesaid a large amount due them.

The said executor did not keep the funds mentioned in the 3rd and 4th items of said will, separate and apart from all other funds for the benefit of the legatees, but mingled the same with his own private funds, and applied the same to his private purposes, except the sum paid to James T. Russell aforesaid.

James O. K. Mayfield died in Warren county during the year 1875, leaving a will in writing, duly executed, to pass both real and personal estate, which was admitted to probate on the 21st day of January, 1875, and James H. Mayfield, the executor therein appointed, qualified as such, and took into possession personal estate more than sufficient to pays his debts and funeral expenses, and also any legacies for which the said testator had rendered himself personally responsible.

The plaintiffs have demanded of the defendant a settlement and the payment of the amounts due on these respective legacies, with which demand he has failed to comply.

The petition prayed for an account, &c.

The defendant demurred to the complaint upon the grounds following:

1. It appears upon the face thereof, that this court has no jurisdiction of the subject of this action, as to Thomas R. Hendrick and Mary J., his wife, upon the ground that this action is brought to recover a legacy, and the complaint, as appears upon the face thereof, does not allege that said legacy has ever been assented to as to them.

2. As to James T. Russell and wife, the complaint alleges that said legacy has been assented to as to them, by paying a part thereof. The defendant therefore demurs to the complaint upon the further ground that this court has no jurisdiction of the subject of the action, for the reason that the Clerk of the Superior Court has no jurisdiction over actions to recover legacies which have been assented to, the same being a debt recoverable at the regular term of the Superior Court.

Upon the hearing before the Probate Court, the demurrer was overruled, and the defendant appealed to the Superior Court. Upon the hearing, the judgment of the Probate Court was affirmed, and the defendant appealed to this court.

*Cook,* with whom were *Moore & Gatling* and *Collins,* for appellant, relied upon, and referred the court to chap. 90, Bat. Rev.; *Hunt* v. *Sneed,* 66 N. C. Rep. 176; *Heilig* v. *Foard,* Ib. 710; *Miller* v. *Barnes,* 65 N. C. Rep. 67; *Sprinkle* v. *Hutchinson,* 66 N. C. Rep. 450; *Bell* v. *King.* Ex., 70 N. C. Rep. 330; *Bidwell* v. *King,* 71 N. C. Rep. 287; *Hodge* v. *Hodge,* 71 N. C. Rep. 616.

*Eaton,* with whom was *Wilson,* submitted:

This is a special proceeding, commenced for the recovery of certain legacies bequeathed to the *feme* plaintiffs by F. Gholson Palmer, after the death of Thomas Palmer, who died in 1861, and was entitled under the will of said T. Gholson Palmer to a support out of the property and money during his life time. See item 3d of the will.

The petition was filed in Warren Superior Court, and the defendant has demurred to the same on the grounds set forth in his demurrer.

I. In relation to the first, we say that it appears from the petition itself, that the proceeding was commenced in Warren Superior Court in vacation. The petition is dated October 11th, 1875, and the Court takes judicial knowledge of the

terms of the Superior Courts. The petition is addressed to the Clerk of Warren Superior Court, and it was unnecessary to allege that he was Judge of the Court of Probate. The probate jurisdiction is "incident to his office of Clerk." *Vide Stanly* v. *Sellars*, 66 N. C. Rep. 467. The views of the Supreme Court in the above case, are evidently those of the Legislature, as is apparent from reading the general act on the subject of "Special Proceedings." See Bat. Rev. chap. 17, sec. 418, *et seq.* to sec. 423, inclusive. These sections require the Clerk to act in all cases of "special proceeding," but they do not call him Probate Judge.

The proceedings in our case are, in fact, commenced in the Probate Court, though it is called by a different name, but still by a name which, in law, is appropriate and proper. It could be no objection to a petition for a legacy under our old system, that it purported to be in the "County Court," when the statute used the words, "Court of Pleas and Quarter Sessions," because the court was known by both names, and was called by both in many acts of Assembly and in the Supreme Court Reports.

There are two branches of the original jurisdiction of the Superior Courts—one before the court in term time, and the other before the Clerk in vacation, acting in the exercise of the probate jurisdiction incident to his office, and in reference to special proceedings. We think that the above views are sustained by the cases in Battle's Digest, Title, Jurisdiction, pages 295, 296, &c.

Special proceedings are all required to commence in the Superior Courts. See the sections of the general law already refered to ; also the following acts : Act in reference to sales of land by executor to make real estate assets, Bat. Rev., chap. 45, sec. 61 ; act in reference to partition, *Ib.*, chap. 84, sec. 12 ; act concerning dower, chap. 117, sec. 9 ; act concerning mills, *Ib.*, chap. 72, secs. 4 and 10. The present proceedings are certainly commenced as they should be, as to Hendrick

and wife, in reference to whose legacy no assent is pretended, it being alleged on the contrary, that no such assent is stated in the petition, and the petition, so far as the demurrer is concerned, is to be taken as true. Petition for legacies, according to the statute, Bat. Rev., chap. 45, sec. 134, are expressly required to be in the Superior Court, and the statute has never been declared to be unconstitutional by the Supreme Court, and ought therefore to be carried out.

II. In relation to the second ground of demurrer, we say that the petition merely states the payment of $608.19 to James T. Russell, in part of the legacy bequeathed to his wife, and it is alleged in the petition that more was due. The receipt of Russell to the defendant's testator ought not, under the circumstances, to be considered as showing an assent except as to the sum paid. The bequest was not for a specific sum, but the amount depended upon the taking of an account of the estate of the testator, and his debts, and on the amount which it was necessary for the executor to expend yearly in the " comfortable support," to use the language of the will, of Thomas Palmer. What sum he had a right to expend for that purpose would depend upon the price of board, clothing and other necessaries, and what the necessities of Thomas Palmer might require as he grew older and more infirm. Under the circumstances of this case, it seems to be proper that the amount of the legacies should be ascertained and recovered in that court which our law regards as holding jurisdiction over legacies generally, and peculiarly fitted for that purpose.

III. Mrs. Russell and Mrs. Hendrick are joint legatees of the effects bequeathed in the 3d clause of the will, after the death of Thomas Palmer, the survivor being entitled to the whole in the event of the death of the other without issue. Russell and wife, and Hendrick and wife, were necessary parties to the suit, either as plaintiffs or defendants, in order that the rights of all parties might be settled, and the executor protected by the decree, and justice would be advanced by a

determination of all the matters in controversy in one action, instead of having one suit in one court and one in another.

IV. If the demurrer shall be sustained as to Russell and wife, the cause may still proceed as to Hendrick and wife. A judgment may be given for or against one or more plaintiffs, and for or against one or more defendants. Bat. Rev. page 200, sec. 248.

BYNUM, J. The complaint and demurrer thereto, present the question of jurisdiction only. The Court of Probate has exclusive jurisdiction of proceedings for the recovery of legacies and distributive shares of estates. Bat. Rev. chap. 45, sec. 134. *Heiley* v. *Foard*, 64 N. C. Rep. 710. *Hunt* v. *Sneed*, 64 N. C. Rep. 176.

When, however, a specific pecuniary legacy has been given and has been assented to by the executor, it becomes a debt, and must be recovered by action brought to a regular term of the Superior Court. Such were the cases of *Miller* v. *Barnes*, 65 N. C. Rep. 67; and *Hodge* v. *Hodge*, 72 N. C. Rep. 616.

In *Beawell* v. *King*, 71 N. C. Rep. 289, the promise was made by the executor to pay the *interest* on a specific pecuniary legacy; yet that was held to be insufficient to give the Superior Court jurisdiction; and the exclusive jurisdiction of the Court of Probate was sustained. To the same effect is *Bell* v. *King*, 70 N. C. Rep. 330.

In the case before us, no specific sum was bequeathed to the plaintiffs or claimed in the complaint. Nor does the complaint allege a promise of the executor to pay any sum certain or any sum uncertain. It is alleged that the executor had paid one of the plaintiff legatees $608.19, but that can only be construed into an assent to that amount and no more. It is certainly not an assent to pay the balance claimed. No specific sum was willed to the plaintiffs, but only the residue of an estate which might remain after a life support out of it, to the father of the testator. It was uncertain what that

residue would be, and it would only be ascertained by an account to be taken.  No assent of the executor to such a legacy as this, will deprive the Court of Probate of its appropriate jurisdiction.

There is no error.

PER CURIAM.                         Judgment affirmed.