S. T. STANCILL and LEWIS D. GAY, Administrators, v. JERE. GAY et als.

*Evidence—Irregular Judgments—Jurisdiction of Probate Court— Summons—Acceptance of Service—Notice.*

1. In motions to set aside judgments for irregularity, and other motions of kindred nature, the rules of evidence are not so strictly adhered to as in the trial of an issue by a jury. In such cases the Court can hear any evidence which is reasonably calculated to aid it in arriving at a just conclusion.

2. By accepting service of the summons, the parties are brought into court and made parties to the action, and must take notice of the proceedings, and are bound by the judgment of the Court.

3. Litigants are presumed to take notice of all that is done in actions to which they are parties.

4. A judgment rendered without any complaint having been filed is not necessarily void. Such judgment is valid if rendered by consent, or if ratified by subsequent assent to it.

5. An irregular judgment will not be set aside as of course. The moving party must show that the alleged irregularities affect them adversely in a material respect, and that they have exercised due diligence in seeking relief.

6. The former courts of probate had exclusive jurisdiction of proceedings to settle the estates of deceased persons.

(*Mayo* v. *Whitson*, 2 Jones, 231; *Johnson* v. *Futrell*, 86 N. C., 122; *University* v. *Lassiter*, 83 N. C., 38; *Vick* v. *Pope*, 81 N. C., 22; *Hunt* v. *Sneed*, 64 N. C., 176; *Heilig* v. *Foard, Ibid.*, 710; *Hendrick* v. *Mayfield*, 74 N. C., 626, cited and approved).

MOTION to set aside a judgment rendered in a special proceeding heard, on appeal from the decision of the clerk, before *Shepherd, Judge*, at Fall Term, 1883, of HALIFAX Superior Court.

His Honor found the following facts:

1. That on the 25th day of March, 1871, S. T. Stancill and L. D. Gay, as administrators *c. t. a.* of Green Stancill, filed their final account of said administration, and on the same day caused a summons to be issued by the clerk against the present defendants. That service of the summons was accepted by all the defendants, except the three infants, Ida A. Stancill, Samuel D. Long and Mattie Long. That no service

was ever made on these infants, except a notice in reference to the appointment of a guardian *ad litem.* That no guardian *ad litem* was ever appointed for the infants during these proceedings.

2. That the summons was returned after the acceptance of service thereof, in due time and before the rendition of the decree, and before the statement of the account.

3. That the parties defendant, during the proceeding, except Mattie D. Long, lived within the county of Northampton, within from two to thirteen miles of the office of the clerk.

4. There was no evidence that a complaint was ever filed in said proceeding, except the recital in said decree, but the Court finds that the account filed by said administrators on the day of the issuing of the summons was used during the conduct of the proceeding and formed the basis thereof.

5. An attorney was employed by Jere. Gay and wife, and represented them in the proceeding. Before the decree was made he examined the account stated by the clerk, and expressed his satisfaction therewith; and that the decree was made in accordance with said account. That the other defendants employed no counsel, but the clerk understood that the same attorney was acting for all the defendants.

6. That the interests of the defendants, as distributees, were identical, except that S. E. Long and Mattie D. Long represented one-half of a share each.

7. That exclusive of the recitals of the decree, there is not sufficient evidence that formal notice was given of the statement of the account, but the court finds that while no formal notice was given, the defendants were fully informed of all the proceedings in said cause, that after the account was stated and before the entering of the decree they were fully advised of the same, and of the shares to which each would be entitled under said account, and that they made no objection thereto ; that the decree was made according to the said account, and that the plaintiffs settled with, and took receipts from the defendants served, except Jere. Gay, according to such account and decree, and with full

knowledge of all the proceedings in the cause. The infant defendants were also settled with according to the decree, but it does not appear to the satisfaction of the Court that they were fully informed of the proceedings in said cause. That Jere. Gay and wife were partially settled with by the administrators on the basis of the account and decree.

8. That the record does not show that any attorney appeared for the defendants.

9. That the final decree was approved by Judge Albertson, and that his signature to the approval is genuine.

10. That the account filed at the time of issuing the summons, differed from that stated, and on which the decree was rendered, in no other respect than the omission of the proceeds of certain real estate and interest, which the plaintiffs contend were not proper charges in that account.

11. That the decree was made at the instance of the clerk.

12. That the motion was made on the 16th of September, 1882, and that the decree was rendered in 1874. Upon these facts, His Honor rendered judgment setting aside the judgment as to the infant defendants, and refusing to set it aside as to the adult defendants. .

From this judgment all the parties appealed.

*Messrs. T. W. Mason, T. N. Hill* and *Mullen & Moore* for the plaintiffs.

*Messrs. R. B. Peebles* and *Battle & Mordecai* for the defendants.

### ADULT DEFENDANTS' APPEAL.

MERRIMON, J.   The appellants moved to set aside a final judgment in a special proceeding, brought in the court of the clerk of the Superior Court of the county of Northampton, to settle and distribute the estate in the hands of the appellees, administrators.   The motion was based upon the grounds of alleged

irregularity in the judgment and the proceedings leading to it. In passing upon its merits, it became necessary to ascertain important facts. The clerk heard the evidence, consisting mainly of numerous affidavits, and having found the facts, refused to set the judgment aside, and gave judgment accordingly. Thereupon the present appellants appealed to the Superior Court. The clerk sent up to that court the record, including the evidence and his findings of fact.

In the Superior Court the judge considered the evidence, modified some of the findings of fact by the clerk, gave judgment affirming the judgment of the clerk, and remanding the case.

The appellants assigned as grounds of error, that the judge heard and considered improper evidence, and upon the whole case affirmed the judgment of the clerk.

We are of opinion that the exceptions in respect to evidence rest upon no substantial ground. Most of the evidence objected to was not of much importance, and could not have had much weight, especially as it was considered by an intelligent judge who considered its relation and proper application. Some parts of it were irrelevant, and these, the judge states, he did not consider. While, perhaps, according to the technical rules of evidence applicable in the trial of actions, some parts of it might not be strictly competent, still it was not improper to hear and consider it upon a motion like that before us.

The motion was heard summarily. It presented *questions* of fact to be tried by the judge upon affidavits and documentary evidence. The object was not to try an action, or the rights of the parties in it, but to ascertain what the court itself had done or omitted to do in a special proceeding, and what the parties to it had done in and about it. Besides, in an important sense, the motion was addressed, as we shall see, to the sound and just discretion of the court.

In such application the rules of evidence are not so strictly adhered to as they are in cases of trial by jury, or when actions

are tried upon their merits. This is especially so, when the discretion of the court is invoked; and generally, in summary proceedings, such as interlocutory applications in chancery, motions in actions to set aside judgments, grant attachments and orders of arrest, to enter satisfaction, and in criminal proceedings, after conviction, to show matters in aggravation by the prosecution or in mitigation by the defendant.

In such cases, the court may hear any evidence, which is reasonably calculated to inform its judgment. It has the right to draw evidence from any pure source. *Mayo* v. *Whitson*, 2 Jones, 231; *Daniel, Ch. Pr.*, 1769; *Tidd's Pr.*, 440, 568; *Chit. Cr. Law*, 697. In *Shortz* v. *Quigley*, 1 Binn., 222, Chief-Justice Tilghman said, " The motion to open the judgment, was an appeal to the court, to execute a summary jurisdiction on principles of equity. In hearing these motions, courts are not tied down to strict rules of evidence which govern them in trials by jury, because it is presumed that their knowledge of the law prevents their being carried away by the weight of testimony not strictly legal."

We do not mean to be understood as intimating that the Court may, arbitrarily, hear and consider any and every statement or suggestion that may be made, but only as saying it may hear such pertinent evidence as is properly produced and reasonably tends to throw light upon the question before it.

The Court properly affirmed the judgment of the clerk denying the motion. The proceeding was disorderly rather than irregular, but if there was some irregularity in the course of the proceeding leading to the judgment in it, it was not such as to render it void, and the conduct of the appellants was such as bound them by it.

The appellants each " accepted service" of the summons. It was not strictly formal, but it plainly gave them notice to appear in court, " in twenty-one days," and answer a complaint that would be filed, and that if they failed to answer the same, the plaintiffs therein would apply to the court for the relief demanded

in it. This was sufficient to bring them into court and make them parties to the proceedings. By such compliance they agreed to take notice of the proceeding and became subject to the jurisdiction of the court in that behalf. *Johnson* v. *Futrell*, 86 N. C., 122.

The court thus having obtained jurisdiction, the parties were bound to take notice of what was done in the course of the proceeding until the final judgment therein. It was their neglect and their folly, if they did not. The law charged them, at their peril, to be watchful of their interest in that respect. *University* v. *Lassiter*, 83 N. C., 38 ; *Freeman on Judgments, sec.* 142.

No complaint appears in the record, nor is it certain one was filed. The clerk finds as a fact that there was one, and that it was lost. The Judge finds that the only evidence of this was the recitals in the judgment. These recitals were evidence, but not conclusive. But if there was no complaint filed, this fault alone did not render the judgment void. The court having jurisdiction of the subject of the action and the parties to it, the latter might consent to the entry of a judgment by express agreement, or, one having been entered, they might assent to it. There is a presumption in favor of the regularity of the judgment—that the court gave it in the course of procedure, or that the parties consented to it. *Vick* v. *Pope*, 81 N. C., 22; *Freeman on Judgments, secs.* 130, 132, 135, 136.

The appellants were not only in court by virtue of the summons, but it appears from the findings of fact by the clerk and the Judge, that if there was not formal notice of the taking of the account (as was contended), "the defendants (the appellants here) were, nevertheless, fully informed of all the proceedings in said cause ; that after the account was stated, and before the entry of the decree, they were fully advised of the same, and the share to which each would be entitled under said account, and they made no objection thereto ; that the decree was made according to said account, and the plaintiffs (the appellees here) settled and took receipts of the defendants served, except Jere. Gay,

according to said account and decree, and with full knowledge of all the proceedings in the cause." It also appears that Jere. Gay and his wife received a part of the share due them. They were represented in the proceeding by counsel, who examined the account as settled by the decree, and he expressed his satisfaction therewith. The decree complained of was entered on the 1st of May 1874, and approved by the Judge, and the motion to set it aside was made 16th of September, 1882, more than eight years afterwards.

Now, it is not certain that there was any irregularity in the course of the proceeding, but if it be granted that there was in some respects, the appellants were cognizant of all that was done in it, they were fully informed as to the statement of the account and the final decree in which it was adopted and confirmed, and in pursuance of that decree, they, with one exception, respectively received the money decreed to each, and he received a part of the share decreed to him, and, besides, he was represented by counsel. Such being the facts, they must be deemed to have waived all formal irregularities, and be bound by the decree.

But if there were irregularities in the proceeding, affecting the decree, the appellants would not, as they seem to suppose, be entitled to have it set aside on that account, as of course.

In such case, it would behoove them to show that the alleged irregularities affected them adversely in a material respect, and that they had, within a reasonable period under the circumstances, exercised due diligence in seeking relief. The facts make it manifest that they did not exercise such reasonable diligence. They were familiar with the proceeding from the beginning to the end of it, they received the money under the final decree, and after that, more than eight years elapsed before they made their motion.

It was suggested on the argument by the appellant's counsel, that the late court of probate, the clerk of the Superior Court, had not jurisdiction of the special proceeding in question.

The suggestion is founded on misapprehension. On the contrary, it seems that that court had exclusive original jurisdiction

of such proceedings. Art. IV, sec. 17 of the Const. of 1868; *Hunt* v. *Sneed*, 64 N. C., 176; *Heilig* v. *Foard*, *Id.*, 710; *Hendrick* v. *Mayfield*, 74 N. C., 626. It seems that the statute (Bat. Rev., ch. 45, sec. 134, 147) contemplated that the Superior Court should have like jurisdiction, but this court held otherwise, giving effect, perhaps, to a proper construction of the provision of the constitution cited above. It may be, that there are reported cases in which the Superior Court took original jurisdiction of such proceedings, but be this as it may, the court of probate certainly had jurisdiction of the case in which the motion before us was made.

There is no error. Let this opinion be certified to the Superior Court, to the end that court may take future action according to law.

No error. . Affirmed.

---

PLAINTIFFS' APPEAL.

1. A judgment rendered against infant defendants, who have never been served with process, and who have no general or testamentary guardian nor guardian *ad litem*, is void.

2. The receipt of money under such judgment by the infants, does not give vitality to the judgment. They may be made to account for the amounts received in another action.

3. The Code, sec. 387, making valid judgments against infants and certain other persons, in cases where, being parties defendant, they are not personally served, does not apply to cases where there has never been any service upon the infant, nor upon any person representing him.

(*Armstrong* v. *Harshaw*, 1 Dev., 187; *Stallings* v. *Gulley*, 3 Jones, 344; *Doyle* v. *Brown*, 72 N. C., 393; *Larkins* v. *Bullard*, 88 N. C., 35; *Young* v. *Young*, 91 N. C., 359, cited and approved).

The same counsel appeared as in the previous case, and the facts are the same.

MERRIMON, J. The appellees were infants and had a substantial interest which it was sought to affect by the special pro-

ceeding and the judgment thereon, in respect to which the motion embraced in this appeal was made. It appears that no summons in that proceeding was ever served upon them, nor was a guardian *ad litem* appointed for any one of them, nor did they appear, nor did any counsel appear for them, nor was any defence made by them or in their behalf.

It is manifest that the judgment in that proceeding, in so far as it purports to apply to them, was not only irregular, but absolutely void.

The court did not obtain jurisdiction of the appellees. There was no service of process upon them personally, nor was there constructive service, nor were they brought into the proceeding in any way recognized by law, or indeed, at all. Jurisdiction of the party, obtained by the court in some way allowed by law, is essential to enable the court to give a valid judgment against him. *Armstrong* v. *Harshaw*, 1 Dev., 187; *Stallings* v. *Gulley*, 3 Jones, 344; *Doyle* v. *Brown*, 72 N. C., 393; *Larkins* v. *Bullard*, 88 N. C., 35; *Young* v. *Young*, 91 N. C., 359.

Notice was issued to them by the counsel of the appellants, to procure the appointment of a guardian *ad litem* for themselves. This notice was without authority and had no sanction of law. In the absence of a general or testamentary guardian, it was the duty of the court, upon the motion of any party to the proceeding, to appoint a guardian *ad litem*. The notice mentioned seems to have been served upon but one of them; but this was not material, because it was not process; it did not purport to be, nor was any guardian *ad litem* appointed.

The appellees received the money designated in the judgment, as shares of the fund distributed, due to them respectively, but it appears that they were not fully informed as to the nature of the proceeding and its purpose; it does not appear what were their ages respectively, at the time they received the money, nor is it material to inquire here, because the mere receipt of it could not give life and effectiveness to a void judgment. The only object now is to set aside and quash that judgment. At another time

and in another proceeding, they may have to account for the money received by them.

The statute, (*The Code*, §387,) making valid, judgments against infants and other classes of persons in certain cases, does not apply in a case like this. Its purpose is to make valid "the proceedings, actions, decrees and judgments" against an infant or such others, in cases where they, being parties defendant, were not "*personally served with a summons.*" But it does not purport to render valid judgments and proceedings in actions when there was no service upon an infant defendant therein, and none upon his general or testamentary guardian, or upon a guardian *at litem* properly appointed for him, nor can it be construed to have such effect. The Legislature did not intend that a judgment against an infant in an action or special proceeding wherein he was not made a party defendant, but treated as a defendant, should be rendered effectual against him. A statute with such a purpose would contravene fundamental right and shock the moral sense of just men!

. There is no error in the judgment of the Superior Court reversing the judgment of the Clerk of that Court in respect to the infant appellees. Let this opinion be certified to that Court according to law.

No error. Affirmed.

### INFANT DEFENDANTS' APPEAL.

MERRIMON, J. This is the appeal of the appellees in the case just decided. They appeal, assigning as error that the Court have heard improper evidence adverse to them in its findings of fact that might, in a possible contingency, prejudice them. But, as the judgment in their favor has been affirmed, the questions they seek to present are immaterial and the appeal was unnecessary; indeed we cannot see that in any case it was necessary. It must therefore be dismissed.

*It is so ordered.*